## CHAUNCEY PAGE *vs.* CITY OF BOSTON.

Under the Gen. Sts. *c.* 44, § 19, the owner of land adjoining a highway is not entitled to damages sustained by raising the way, until the act of raising is done.

PETITION for the assessment of damages occasioned to the petitioner's land by the raising of the grade of First Street in Boston. At the trial in the superior court, before *Pitman*, J., the following facts appeared :

In June 1868, at which time the land in respect to which damages were claimed belonged to William Everett, the board of aldermen of the city of Boston passed an order to pave First Street; the owners of lands abutting thereon, including Everett, were notified to furnish curbstones and pave the sidewalks in front of their respective estates ; and Everett furnished the required curbstones. On August 17 the respondents commenced the grading and paving of the street, and worked thereon continuously until the grading and paving were completed, but there was no change of grade in front of the land in question until after September 1, on which day the land was conveyed by Everett to the petitioner. The respondents contended that the right to recover damages was in Everett; but the judge ruled that, if the land was injured by raising the grade of the street, while owned by the petitioner, he could recover therefor. The jury returned

a verdict for the petitioner, and the respondents alleged exceptions.

*J. P. Healy*, for the respondents.

*B. Dean*, for the petitioner.

MORTON, J.   The decision of the question raised in this case depends upon the construction to be given to the Gen. Sts. *c.* 44, § 19 *

In *Brown* v. *Lowell*, 8 Met. 172, the question arose as to the construction of the Rev. Sts. *c.* 25, § 6, the provisions of which are substantially like those of the General Statutes above referred to.   It was there held, that the owner of land adjoining a highway or town way is not entitled to damages sustained by reason of any raising, lowering or other act done for the purpose of repairing such way, until the act of repairing it is done.   In the opinion, Shaw, C. J., says : " It is the act done, we think, and not the vote contemplating a future act, that may never be done, which gives the claim for damage.   There is, in this respect, a manifest distinction between a vote to alter the grade of · a way, and a vote or adjudication laying out a way over private property. The latter appropriates the land to the public, and divests the right of the owner to the exclusive use and possession of it, from the time it is passed.   But the former is simply a declaration of purpose, by the trustees for the public, to use their own land in a particular way ; but it does not affect the estate or alter the condition of adjacent proprietors until the act is done."

We think this is decisive of the case at bar.   The only essential difference between the Revised Statutes and the General

---

* ' When an owner of land adjoining a highway or town way sustains damage in his property by reason of any raising, lowering, or other act, done for the purpose of repairing such way, he shall have compensation therefor, to be determined by the selectmen or mayor and aldermen ; with whom he shall file his petition therefor, after the commencement, and within one year from the completion of the work ; and who shall finally adjudicate upon the question of damages within thirty days after the filing of the petition therefor, unless the parties agree in writing to extend the time.   The benefit, if any, which the complainant may receive by reason of such alteration or repair, shall be allowed by way of set-off."

Statutes is the provision contained in the latter and not in the former, that the owner of adjoining land, who sustains damage, shall file his petition for compensation therefor " after the commencement and within one year from the completion of the work." The effect of this provision is to fix a limit of time within which an owner, who has sustained damage, may commence proceedings to recover compensation therefor, but not to determine the time when his claim for damage accrues. We are of opinion that it was not intended to repeal or affect the construction of the preceding provisions, adopted in *Brown* v. *Lowell*.

It follows, that, as the plaintiff was the owner at the time when the act of raising the grade was done, by which damage was caused to his estate, he is entitled to maintain this petition.

*Exceptions overruled.*