# SUPREME JUDICIAL COURT,

## JANUARY TERM 1872, AT BOSTON.

PRESENT:

Hon. REUBEN A. CHAPMAN, CHIEF JUSTICE.
Hon. HORACE GRAY, JR.,
Hon. JOHN WELLS,
Hon. JAMES D. COLT, } JUSTICES.
Hon. SETH AMES,
Hon. MARCUS MORTON,

## BARNSTABLE COUNTY.

CHARLES B. SNOW vs. INHABITANTS OF PROVINCETOWN.
NEWELL C. BROOKS vs. SAME.

A town widened a street in March 1868; but abutters were allowed until October 1869 to remove buildings, and the damages were then paid to them. In February 1870 the town voted to grade and harden the street, which was done by raising it some eighteen inches or two feet. *Held*, that this was a raising for which the abutters were entitled to additional damages under the Gen. Sts. *c.* 44, § 19.

PETITIONS under the Gen. Sts. *c.* 44, § 19, to recover damages to the estates of the petitioners by reason of the raising of the grade of Vine Street in Provincetown. At the trial, before a sheriff's jury, verdicts were returned in favor of the petitioners, which the presiding officer certified to the superior court together with the following statement of his rulings :

" It appeared that Vine Street was for many years before 1868 a town way about fourteen feet wide ; that in March 1868 the

selectmen duly widened and straightened it to a width of thirty feet, and this action was accepted by the respondents on March 28, 1868; that the abutters were, by order of the selectmen, allowed until October 6, 1869, to remove buildings upon the land taken for the widening; that a strip of land was taken from the estate of each of the petitioners, for which damages were assessed and awarded by the selectmen, and paid to Snow in October, and to Brooks in November 1869; that nothing was done about raising the grade of the widened street until the annual meeting of the town in February 1870, when, an article being inserted in the warrant, to see if the town would grade and harden Vine Street, it was voted to do so; that thereupon the selectmen proceeded to contract for the working and grading of the street, raising it in front of the petitioners' estates about eighteen inches or two feet, and making a sod wall along the side thereof to hold the material; and that their dwelling-houses, which had been nearly upon a level with the street, or a little above it, were, by the grading, left below such level.

" The respondents requested the presiding officer to instruct the jury that the work done in 1870 was in the alteration and not in the repair of a road, and therefore the damages were all settled by the award made by the report of March 1868, and the present petitions could not be maintained, and no damages could be awarded under the same. But the presiding officer declined so to instruct the jury, and instructed them that the work done upon the street in 1868 was an alteration thereof; that the work done in 1870 was a raising of the same, done for the purpose of repairing the street; and that, if they were satisfied that the petitioners had sustained damage in their property by reason of such raising and the other acts done for the purpose of repairing the street, they should ascertain and assess the same. To these rulings and refusals to rule, the respondents objected."

In the superior court, *Pitman*, J., overruled the objections of the respondents, ordered the verdicts to be accepted, and reported the cases to this court; if there was error in the rulings stated, the verdicts to be set aside; otherwise, judgment to be rendered thereon.

*G. Marston,* for the respondents.

*J. M. Day,* for the petitioners.

COLT, J.   There is nothing in the report of the presiding officer which justifies setting aside the verdicts of the jury awarding damages to the petitioners for raising the grade of Vine Street. It is not to be inferred from the facts stated, that the petitioners will receive under these verdicts damages which were paid them when the street was located or widened.   The town voted to grade the street under an article in the warrant in the year 1870, nearly two years after the proceedings for widening and straightening it were accepted.   The two proceedings were entirely independent of each other; and since the case of *Callender* v. *Marsh,* 1 Pick. 418, the statute has provided that " an owner of land adjoining a highway or town way, who sustains damage in his property by reason of any raising, lowering or other act done for the purpose of repairing such way," " shall have compensation therefor."   Gen. Sts. *c.* 44, §§ 19, 20.   The street, as widened, existed as a street when the grade was raised, and damages for its original location and widening had been paid, if demanded, to the landowners.   These damages no doubt included compensation for changes in the surface of the street injurious to the owners, and which were contemplated as necessary in its original construction. But this did not prevent the town from changing the original grade at any time thereafter, for the purpose of improving or repairing the way.   The question for the jury, in case of such change, would be, how much additional damage for that act the landowner ought to receive; in other words, how much of the change from the original surface was due to original construction, and how much to subsequent improvement of the street, — a question not more difficult than many which are constantly submitted to them by the court.                                          *Verdicts accepted.*