## MICHAEL GERAGHTY *vs.* CITY OF BOSTON.

Suffolk. March 17. — June 23, 1876. COLT & LORD, JJ., absent.

Where a change of grade in a highway is a part of its original construction, a petition for a jury to assess damages must, under the Gen. Sts. c. 43, § 22, be brought within one year from the time of the adoption of the order laying out the highway.

PETITION to the Superior Court, filed July 1, 1874, for a jury to assess damages occasioned to the petitioner's real estate by the laying out of Lincoln Street, in that part of Boston for-

merly Brighton, and by raising the grade of the land taken in the original construction of the street.

At the trial, before *Brigham*, C. J., it appeared in evidence that Lincoln Street, between Market Street and Everett Street, was duly laid out as a town way June 13, 1873, and that during August, September and October of the same year the town authorities entered upon, constructed and completed the street as it has ever since existed, and in so doing filled the land laid out as Lincoln Street, to make it conform to the grade of Market Street and Everett Street, both of which were higher than Lincoln Street, and by such filling the street was raised about four feet above the level of the petitioner's adjoining land, by which raising, as well as for taking a part of his land for the laying out of Lincoln Street, the petitioner claims to have been damaged. This filling was in accordance with a grade and plan furnished to the superintendent of streets by the engineer of the town in August, 1873.

Upon the foregoing evidence, the respondent requested the judge to rule as a matter of law that the petition could not be maintained, for the reason that the filling of Lincoln Street, for which the petitioner claimed damages, was done in the original construction of the street, and for such damage the petition must be brought within one year from the laying out of the street; but the judge declined so to rule, and instructed the jury " that if the town of Brighton laid out on June 13, 1873, the way described in the petition, and in August following fixed the grade and entered upon the construction of such way continuing such construction until October following, when the work was completed, and if, in such construction, the land upon which such way was laid out was raised so that the petitioner sustained damage thereby, the petitioner can maintain this petition and recover the damages thus sustained by him, provided he petitioned the mayor and aldermen of Boston, within one year from the time when the work of raising such land was completed, for compensation for such damages, and notwithstanding such raising was a part of the original construction of such way as laid out on June 13, 1873."

The jury returned a verdict for the petitioner; and the respondent alleged exceptions.

*C. F. Kittredge*, for the respondent.

*S. J. Thomas*, for the petitioner.

DEVENS, J. Under a petition for damages occasioned by the laying out of a highway, the petitioner may recover not only the value of his land actually taken, but also the damages to his remaining land on account of all changes in the surface of that which is taken, which were necessary to its original construction as a public street. *Snow* v. *Provincetown*, 109 Mass. 123. *Ryan* v. *Boston*, 118 Mass. 248. The petition for damages occasioned by the laying out must be brought within one year after the order so to do. Gen. Sts. *c.* 43, § 22. If, however, when such petition came on to be heard, the construction as originally proposed should not have been completed, it would of course be within the discretion of the court to postpone the case if the damages could not then conveniently be ascertained.

If, after the way is laid out as a highway or public street, the public authorities order a change in its grade, the landowner is entitled to apply for damages under the Gen. Sts. *c.* 44, §§ 19, 20, by reason of the "raising, lowering or other act done for the purpose of repairing such way," and can file his petition within one year after the completion of the work. *Barker* v. *Taunton*, 119 Mass. 392. These sections of the statutes presuppose the existence of a public way in which such changes are made, damages for the laying out of which it must be presumed have once been paid. The learned judge was therefore in error in ruling that, if the raising of the grade of Lincoln Street was a part of the original construction of the way, the petitioner might maintain his petition if he commenced it within one year after the completion of the work. Such petition should have been commenced within one year after the laying out, and under this he could have recovered all the damages to which he was entitled by reason of the grade fixed on the original construction of the street. If the petitioner were permitted to recover damages for the laying out of the street, and, in addition thereto, damages for the filling necessary for its original construction, he would recover twice for the same injury.      *Exceptions sustained.*