ELLEN BURR *vs.* INHABITANTS OF LEICESTER.

Worcester. Oct. 5. — Nov. 4, 1876. COLT & MORTON, JJ., absent.

Under the Gen. Sts. *c.* 44, § 19, a town is liable for an injury sustained by an owner of land adjoining the highway, caused by the surveyor of highways lowering the grade of the highway, between the travelled part thereof and the adjoining land, for the purpose of repairing the highway, whether the repairs are made opposite such estate, or on another part of the way.

PETITION under the Gen. Sts. *c.* 44, §§ 19, 20, to the county commissioners for a jury to assess the damages to the petitioner's estate by repairing a highway in Leicester.

At the trial before the sheriff's jury no question was made that the proper step by petition to the selectmen for the damages complained of was not made, or that they did not refuse to award the petitioner damages. It appeared that the petitioner was the owner of an estate situated in Leicester, and abutting upon the public highway leading from Worcester to Leicester about one hundred and ninety feet; that within the limits of the highway, between the wrought portions thereof and the land of the petitioner, was a bank of earth about fifteen feet in height at its highest point, on which there was a way, on a grade with said estate, about ten feet wide and extending the entire front of said estate, over which, from time immemorial, the occupants of said estate and others had been accustomed to travel for the purpose of reaching said estate, from which way the bank gradually sloped to the wrought and travelled part of the highway, that the surveyor of highways removed portions of said earth in front of said estate, within the limits of the highway, but did not touch or remove any of the petitioner's estate, and used it on the highway for the purpose of repairing the same by placing a load in places as needed at different points thereon within twenty rods in one direction from the petitioner's estate and sixty rods in the other; that but a few shovelfuls were used directly in front of the petitioner's estate on the wrought and travelled part of the highway; that the removal of said earth left a perpendicular bank within five feet of the petitioner's estate and destroyed the way on the bank used for the purpose of reaching said estate; and that the earth was needed for the

purpose of repairing as aforesaid, and this bank was the only convenient place where it could be obtained.

The respondent asked the sheriff to rule that the town was not liable for the acts complained of, except so far as it did acts opposite the estate of the petitioner for the purpose of repairing the way at that point; and that the town was not liable for the damage done to the petitioner's estate by reason of its being deprived of earth from a bank of gravel opposite her estate within the limits of the highway, which was taken for the purpose of repairing the way by levelling up the grade thereof at points not opposite the estate, concerning which this complaint was made. The presiding officer refused so to rule; but instructed the jury that the removal of the earth in question and its use in the manner aforesaid was an act done for the purpose of repairing the way within the meaning of the Gen. Sts. *c.* 44, § 19, and rendered the town liable for any damage done to the estate by the removal of the whole amount of the earth, and not merely of that used directly in front of the estate.

The jury returned a verdict for the petitioner, which was accepted in the Superior Court; and the respondent appealed.

*F. T. Blackmer*, for the respondent.

*W. A. Williams & J. R. Thayer*, for the petitioner.

LORD, J. The authority of the decision in *Callender* v. *Marsh*, 1 Pick. 418, has never been questioned. Parker, C. J., in delivering the opinion in that case, which in many respects is similar to this, enters into an elaborate and thorough examination of the rights of surveyors of highways, of the rights of the public in the soil of the road within its limits, and the power of the Legislature to confer such rights. The result of the reasoning in that case is, that the entire soil within the limits of a highway, duly established, is appropriated to the public use for all the necessities of a way; that, at the time of that decision, it was to be presumed, that all damages which an adjoining owner had sustained or might sustain by any use of such soil for the purpose of travel on it, or for any use of it, incidental to its enjoyment as a highway, such as the transfer of a portion of the soil from one part of the way to another, the digging down of banks by the side of the travelled way, or the reducing or raising of the grade of the way, by the surveyor of highways, to bring the

road into a safe and convenient way for travellers, or the use of materials within its limits for the purpose of ordinary repair, had been fully paid and satisfied at the time of the location of the road.

At the time of that decision, there was no statute which required an adjudication by any tribunal of the public necessity for a change of grade in ways. Such necessity however was recognized, and the court could see no power of determining that question to exist, except in the judgment of the surveyors of highways, who were bound to do such acts as would make ways safe and convenient, and if, in the judgment of the surveyors, such a change of grade was necessary, it was competent for them to make it. The surveyors of highways were also authorized to make repairs in a way, and to use all the soil within the limits of that way for the purpose, and to make excavations in banks within the way for the purpose of obtaining materials for repairing other parts of the way. The court, however, recognized the hardship of the particular case and of others which might occur, and intimated very strongly that it would be quite fit for the Legislature to provide a tribunal for the purpose of adjudicating the necessity of a change of grade, and to provide some mode of compensation to adjacent owners who sustain damage by reason of such change of grade. And the court went still further, and suggested the fitness of a legislative enactment, giving compensation to an adjoining landowner for damages sustained by reason of the action of a surveyor in making the ordinary repairs of the highway. Since that time all these changes have been made. Tribunals have been established to determine the public necessity and convenience of a change of grade in streets and ways, and provision has been made by which any person sustaining damage by reason thereof may obtain compensation. So also provision was made many years ago, incorporated into the General Statutes in the chapter relating to "the repairs of ways and bridges," *c.* 44, § 19, that "when an owner of land adjoining a highway or town way sustains damage in his property by reason of raising, lowering, or other act done for the purpose of repairing such way, he shall have compensation therefor."

The statute then provides the mode of remedy, and it is agreed that the proper mode was pursued in this case. The petitioner,

by proper allegations in her petition, brings herself within the provisions of law, so that the jury had jurisdiction of the subject matter, and the only question reserved for us to pass upon is the correctness of the ruling by the sheriff upon the measure of damages.

We do not understand that any objection is made to the use of language by the sheriff — that the removal of earth " is an act done for the purpose of repairing the way " — as adjudicative of a fact which the jury were to pass upon; but we understand that fact to have been assumed both by the respondent in asking the particular instruction, and by the sheriff in giving his instructions; and that the true construction of the ruling is, it being established or conceded · that the work was done in repairing the way, the damages are to be assessed upon the rule stated by him. We think there was no error in the instruction given. The instructions prayed for by the respondent were too narrow and restricted. There is no law by which the damages are to be limited to repairs made upon the road immediately in front of the estate. The injury to be compensated is an injury to the particular estate, by the repairing the way generally; and the making an excavation in front of the plaintiff's estate, for the purpose of using the materials upon another portion of the way not adjacent to the estate, may be an injury to the estate for which compensation may be had. In this case it appears that the excavation of the earth destroyed a convenient access to the estate which had been enjoyed " from time immemorial; " and that was a hardship which the learned chief justice, in *Callender* v. *Marsh*, referred to, as one for which the law, as it then stood, provided no remedy. The law in this respect having since been changed, the hardship thus referred to is obviated by the provision for compensation therefor to the owner. We are therefore of opinion that the ruling of the sheriff was correct, and that the judgment of the Superior Court accepting the verdict must be                                                   *Affirmed.*