### ELIJAH WILBUR *vs.* CITY OF TAUNTON.

Bristol.    Oct. 24, 1877. — Jan. 19, 1878.    LORD & SOULE, JJ., absent.

A petition under the Gen. Sts. c. 44, § 19, to the mayor and aldermen of a city, alleging the ownership of land on A. Street and damages thereto because of repairs on A. Street, B. Street and C. Street, with a prayer for compensation, is sufficient, and will entitle the petitioners to damages sustained by reason of the repairs on A. Street.

PETITION for a jury to assess the damages to the petitioner's estate situated on both sides of Arlington Street, by raising, lowering and changing the grade of Arlington Street, Purchase Street and School Street, in the city of Taunton.

At the trial in the Superior Court, before *Rockwell*, J., the plaintiff contended that Arlington Street and Purchase Street were parts of a continuous line of public street, so constructed, with one continuous road bed and gutters, along Arlington Street through School Street into Purchase Street, that water was constantly thrown on the plaintiff's land. The judge ruled that no evidence of any repairs outside of the limits of Arlington Street was competent. The petitioner offered in evidence the following petition for damages, dated April 8, 1876, signed by him, and presented to the mayor and aldermen :

" To the Mayor and Aldermen of the City of Taunton. The undersigned, Elijah Wilbur of Taunton aforesaid, represents that he is an owner of land adjoining Arlington Street, in said Taun-- ton, and on both sides of said street; that the city of Taunton by its agents has done certain acts for the purpose of repairing said Arlington Street and Purchase Street and School Street, which are public highways in said Taunton, and has raised, lowered and changed the grade and pitch of said Arlington Street and Purchase Street and School Street, whereby this petitioner has sustained damage in and to his said property. Wherefore the petitioner prays that compensation may be allowed him in the premises, and that his said damages and the compensation therefor be forthwith determined by you."

The respondent asked the judge to rule that the action could not be maintained, because the petition to the mayor and aldermen was not in accordance with the provisions of the Gen. Sts. *c.* 44, § 19, in that the petition prayed for compensation on account of repairs to other streets than Arlington Street. The judge so ruled, and directed a verdict for the respondent, and, by consent of parties, reported the case for the determination of this court.

*C. A. Reed*, for the petitioner.

*S. M. Thomas*, for the respondent.

COLT, J. The Gen. Sts. *c.* 44, § 19, provide that " when an owner of land adjoining a highway or town way sustains dam-

age in his property by reason of any raising, lowering or other act, done for the purpose of repairing such way, he shall have compensation therefor." This right is confined to the owner of land adjoining the street which is repaired. There is no right to compensation beyond what the statute gives, and no damages can be had for injury occasioned by repairs on other streets. *Jamaica Pond Aqueduct* v. *Brookline*, 121 Mass. 5. *Castle* v. *Berkshire*, 11 Gray, 26.

In his petition to the mayor and aldermen of the city, as well as in his petition to the Superior Court, the petitioner alleges in substance that he owns land on both sides of Arlington Street, which is injured by repairs done on Arlington Street and Purchase Street and School Street. The form of the allegation implies that these three streets are separate and different streets. If they are so, then plainly damages can be recovered only for the repairs on Arlington Street. It is not necessary now to decide how it would be if, upon proper allegations in the petition, it should appear that these three streets constituted only one single street, used for a continuous line of travel, though called by different names in different portions of its length. In former times such streets were common and possibly may still be found. *Arnold* v. *Cambridge*, 106 Mass. 352.

The verdict in this case must be set aside on another ground; the ruling that the petition to the mayor and aldermen did not conform to the provisions of the statute, followed by directing a verdict for the defendant, was erroneous. The petition in question contained all the allegations necessary to give jurisdiction to and call for the action of the mayor and aldermen. It alleges the petitioner's ownership of land adjoining one of the streets named, and damage occasioned by the repairs of that street, with a prayer for compensation. If he is confined by law to that one street, then this is a petition for damages for repairs in that street only. The prayer for damages for repairs on other streets, upon which he was not alleged to be an owner, was mere surplusage, which could not defeat his valid claim, and which could not have prejudiced the rights of the defendant on the trial of the question.

In proceedings of this description, strict rules of pleading are not to be applied. It is enough if the requirements of the stat-

utes are substantially complied with in the allegations which set forth the petitioner's claim.                *Verdict set aside.*