FORESTER GODDARD vs. INHABITANTS OF PETERSHAM.

Worcester.    Oct. 5, 1883. — Jan. 29, 1884.    FIELD & W. ALLEN, JJ.,
absent.

A person who has been elected a surveyor of highways of a town cannot maintain
    an action against the town for money paid by him, without the direction or
    knowledge of the selectmen, for labor upon the highways of the town, before his
    district has been assigned to him for the year, although a portion of the money
    was expended judiciously, and the selectmen sent him an order on the town for
    that amount, which he returned because it was less than he claimed, and the whole
    amount paid by him was for work done in the district subsequently assigned to
    him, and was less than the sum allowed him to be expended in that district.

HOLMES, J.    This is an action to recover $47.88, for money
paid by the plaintiff for labor upon the highways of the defend-
ant town.    The money was expended after the plaintiff had
been elected a highway surveyor, but before his district had been
assigned to him for the year, according to the declaration, in
April, (Pub. Sts. c. 52, § 4,) and it was done without the direction
or knowledge of the selectmen.    It is found that thirty dollars
of the money was expended judiciously, but it does not appear
that there was any special emergency or any case contemplated
by the Pub. Sts. c. 52, §§ 5, 6.    Subsequently, the selectmen
wrote to the plaintiff, declining to allow his whole bill, but offer-
ing to refer it to the town, and enclosing an order for thirty
dollars; assigned him his district, which was that in which the
work was done and the same that he had had the year before;
and notified him that his proportion of money to be expended on
the highway was fifty dollars.    The plaintiff sent the order
back, because the amount was less than he claimed, and brought
this suit. .

It is clear that the voluntary payment by the plaintiff did not
of itself give him any cause of action against the town.    *Sikes*
v. *Hatfield*, 13 Gray, 347, 352.    *Armstrong* v. *Wendell*, 9 Met.
522.    *Loker* v. *Brookline*, 13 Pick. 343, 349.    *Jones* v. *Lancaster*,
4 Pick. 149.    It was suggested, to be sure, that these cases were
decided when the surveyor and other tax-payers each worked out
his own taxes, and that they are no longer applicable now that
the whole tax is levied in money, which is to be expended by
the surveyors.    It is said that the St. of 1871, c. 298, made

an entire change in the law. But that act only put an end to road taxes payable in labor, and the sections which previously indicated the extent and limits of the surveyors' power are still retained. Pub. Sts. c. 52, §§ 5, 6. See Gen. Sts. c. 44, §§ 13, 14. The cases above cited have lost none of their pertinency, and it is enough to refer to them. Something was said, in the argument, of the surveyor's liability for any deficiency in the highways occasioned by his fault or neglect. Pub. Sts. c. 27, §§ 127, 128. But the liability was substantially the same when the foregoing cases were decided. See Rev. Sts. c. 15, §§ 82–84; Gen. Sts. c. 18, §§ 75, 76. There is no hardship, for the surveyor's power is the measure of his duty. *Todd* v. *Rowley*, 8 Allen, 51, 56.

The fact that the selectmen subsequently sent the plaintiff an order for thirty dollars cannot help him, for several reasons.

The town had not neglected to vote a sufficient sum of money, nor failed to provide effectually for repairing the ways; and therefore the case had not arisen in which the selectmen would have been authorized by the Pub. Sts, c. 52, § 6, to consent to the plaintiff's employing persons in his district if he had had a district at the time.

If such a case had arisen, a subsequent ratification of the surveyor's acts by the selectmen would not have been sufficient. *Emerson* v. *Newbury*, 13 Pick. 377, is not an authority upon the present statute. The act of 1786, c. 81, § 4, there construed, corresponding to the Pub. Sts. c. 52, § 5, authorized the surveyor, in case of a deficiency in the town's appropriation, to employ persons " with the consent of the selectmen." As Mr. Justice Wilde remarked, " The statute [did] not require in terms, that the consent of the selectmen should be first obtained before the work was to be undertaken and done." 13 Pick. 379. In the same case, the surveyor may now act without the consent of the selectmen, but he is limited to an amount not exceeding ten dollars. His exercise of more extensive powers is conditioned in terms upon his " first having obtained the consent of the selectmen for that purpose in writing." Pub. Sts. c. 52, § 6. And this has been the law ever since the Revised Statutes, which introduced the words by way of amendment to the commissioners' draft and the St. of 1786, c. 81, § 8, shortly after, and

very probably in consequence of the decision in *Emerson* v. *Newbury*. Rev. Sts. *c*. 25, § 14. Gen. Sts. *c*. 44, § 14.

It is unnecessary to consider whether the selectmen did anything amounting to a ratification, or how far the supposed ratification could have been more than a promise upon executed consideration, or whether the plaintiff, if he had had a good claim to the extent of thirty dollars, could have maintained this action, when his last act was to refuse to receive that amount.

*Judgment for the defendant.*

*F. A. Gaskill*, (*T. B. Dunn* with him,) for the plaintiff.
*F. P. Goulding*, for the defendant.