CHARLES R. SISSON *vs.* CITY OF NEW BEDFORD.

Bristol. Oct. 24, 1883. — June 23, 1884. FIELD & W. ALLEN, JJ., absent.

An order passed by the city council of a city, by which the grade of a street as established by the city surveyor is accepted, and the former established grade is discontinued, is an order for specific repairs, under the Gen. Sts. *c.* 43, § 59; and an abutter, who sustains damage by the work done in pursuance of the order, must bring his petition for a jury to assess his damages within one year from the adoption of the order, under the Gen. Sts. *c.* 43, § 73; and the Gen. Sts. *c.* 44, §§ 19, 20, have no application to the case.

The omission of the mayor and aldermen of a city to award damages to an abutter on a street, the grade of which has been changed by an order for specific repairs, under the Gen. Sts. *c.* 43, § 59, is equivalent to a determination that he has sustained no damages, and he is entitled at once to apply for a jury to assess his damages.

Objections to the proceedings of the city council of a city, in passing an order for specific repairs, under the Gen. Sts. *c.* 43, § 59, consisting in the changing of the grade of a street, on account of a failure to give proper notices, cannot be taken by an abutter on the street, upon a petition to the Superior Court for a jury to assess the damages occasioned to his property by work done under the order, but only upon a petition for a writ of certiorari.

PETITION to the Superior Court, filed January 2, 1883, alleging that the petitioner was the owner of land on First Street in the respondent city; that he had sustained damage in his property by the raising of the grade of said street in front of his premises; that he filed his petition for compensation for said damage with the mayor and aldermen of the city, after the commencement and within one year from the completion of the work of raising said grade, who refused and neglected to estimate the same for thirty days after the filing of the petition; and praying for a jury to ascertain said damages.

---

The answer alleged that the Superior Court had no jurisdiction of the petition; that the application for the assessment of damages was not made within the time required by law, namely, within one year from the passage of the order directing the work complained of; and that the order in question was an order for specific repairs, passed by the board of aldermen on March 4, 1880, and concurred in by the common council on April 1, 1880, providing that the grade of First Street, "as established by the city land surveyor in his reports to this board this day, be and hereby is accepted as the proper grade thereof; and that the grade of First Street, as established by the city government in 1878, be and hereby is discontinued."

The following facts were agreed for the purposes of the hearing upon the petition: First Street in New Bedford is a public street properly laid out. The grade of said street has been raised in front of the petitioner's premises. The work was done because of, and in fulfilment of, the order set forth in the answer. The petitioner filed a petition with the mayor and aldermen of the city, asking for compensation for his damages, on November 2, 1882, which was after the commencement and within one year from the completion of the work done; which petition was laid on the table by the mayor and aldermen, and nothing more was ever done with it. The petition for a jury was filed in court within one year after the expiration of thirty days from the filing of said petition to the mayor and aldermen.

The Superior Court dismissed the petition; and the petitioner appealed to this court.

*W. C. Parker*, for the petitioner.

*T. M. Stetson & L. L. Holmes*, for the respondent.

COLBURN, J. In the absence of an order by the authorities authorized to lay out public ways, fixing the grade of a way, a surveyor of ways is authorized to raise or lower the grade at his discretion, whenever such change may be necessary to keep the way in repair, or make it safe and convenient for travel; and, until the passage of the Revised Statutes, landowners who sustained damage to their estates, in consequence of such change of grade, were without remedy. *Callender* v. *Marsh*, 1 Pick. 418. *Brown* v. *Lowell*, 8 Met. 172. *Mitchell* v. *Bridgewater*, 10 Cush. 411. *Burr* v. *Leicester*, 121 Mass. 241.

By the Rev. Sts. *c.* 25, § 6, provision was, for the first time, made for compensation to an owner of land adjoining a highway or town way for " damage in his property by reason of any raising, lowering, or other act, done for the purpose of repairing such way ; " and this provision has been continued in the Gen. Sts. *c.* 44, § 19, and in the Pub. Sts. *c.* 52, § 15.

Prior to 1835, neither the county commissioners, nor the mayor and aldermen of a city or the selectmen of a town, had authority, under any general law, to fix any permanent grade of a way, except as a part of the laying out or altering the location of the way. By the St. of 1835, *c.* 152, § 7, which has been continued in the Rev. Sts. *c.* 24, § 7, the Gen. Sts. *c.* 43, § 9, and the Pub. Sts. *c.* 49, § 10, county commissioners were for the first time authorized to direct specific repairs in existing highways ; but this authority was not conferred upon selectmen of towns and the mayor and aldermen of a city as to town ways and private ways, until it was included in the Gen. Sts. *c.* 43, § 59 ; Pub. Sts. *c.* 49, § 65. By an order for specific repairs, the grade of the way may be fixed.

In case of specific repairs ordered upon a town way, or private way, a person who sustains damage in his property by the repairs ordered is to have his compensation determined by the selectmen or road commissioners, or the mayor and aldermen, " to be assessed and awarded in the manner provided for the assessment and award of damages by county commissioners in laying out highways." Gen. Sts. *c.* 43, § 62. Pub. Sts. *c.* 49, § 68. This requires that the damages shall be assessed as part of the original order. Gen. Sts. *c.* 43, § 14. Pub. Sts. *c.* 49, § 14. If no damages are awarded to a landowner, this is equivalent to a determination that he has sustained no damage. *Monagle* v. *County Commissioners*, 8 Cush. 360.

An application for a jury to revise the judgment of the selectmen, or road commissioners, or mayor and aldermen, must be made within one year from the time of the adoption of the order for specific repairs. Gen. Sts. *c.* 43, § 73. Pub. Sts. *c.* 49, § 79.

When the grade of a way is changed without an order for specific repairs fixing the grade, a person aggrieved may file his petition for compensation with the selectmen, road commissioners,

or mayor and aldermen, after the commencement and within one year from the completion of the work, who are required to adjudicate thereon within thirty days after the filing of the petition. Gen. Sts. *c.* 44, § 19. Pub. Sts. *c.* 52, § 15. If the petitioner is aggrieved by the estimate of his damages, or by a refusal or neglect to estimate them, he may, within one year from the expiration of said thirty days, apply for a jury, and have his damages ascertained in the manner provided where land is taken in laying out highways. Gen. Sts. *c.* 44, § 20. Pub. Sts. *c.* 52, § 16. The reason for the difference in the provisions as to the time of assessing damages in case of change of grade without an order, and in case of an order for specific repairs, doubtless is, that, in case of a change of a grade without an order, it cannot be determined what the damages will be until the work has been done, as the work done is the only guide ; but in the case of an order for specific repairs, the record fixes what is to be done, and the estate of the landowner becomes at once subject to the change of grade, and all improvements of his estate must be made to conform to it.

In the case at bar, the petitioner contends that he had a right to proceed under the provisions of the Gen. Sts. *c.* 44, §§ 19, 20, (Pub. Sts. *c.* 52, §§ 15, 16,) and no question is made that, if he has a remedy under the provisions of these sections, his petitions to the mayor and aldermen, and for a jury, were seasonable.

The contention of the respondent is, that the order in this case was an order for specific repairs, under the Gen. Sts. *c.* 43, § 59 (Pub. Sts. *c.* 49, § 65) ; and that the petition for a jury should have been brought within a year from the adoption of the order ; and if this contention is right as to the construction of the order, the petition for a jury was too late.

The manner of petitioning for a jury, and the rule of damages, are the same under both statutes, and the question is only of the proper time for bringing the petition.

We must regard the order in this case as an order for specific repairs, within the meaning of the statute. A new grade of First Street was established, and the former established grade discontinued. The agreed facts show that " the work was done because of, and in fulfilment of, the order."

Upon the passage of the order setting forth and fixing the new grade, as it specifies what is to be done, the petitioner had at once the means of determining the extent of the injury to which his estate was subjected.    His injury was immediate; he must hold and improve his estate, and dispose of it, subject to the new grade, although the work of changing the grade had not been done and might be long delayed.    He was in the same position as to the change of grade after the passage of the order, and before the work was done, as he would have been as to his land, if part of it had been taken for a widening of the street, after the order for widening and taking his land had been passed, and before the work had been performed.    No damages having been awarded to the petitioner at the time the order for specific repairs was passed, it was to be presumed that, in the opinion of the aldermen, he would sustain no damage, and he was entitled at once to apply for a jury to assess his damages.    *Monagle* v. *County Commissioners, ubi supra.*

The raising of the grade of the street, of which the petitioner complains, having been done under an order for specific repairs, it follows that his remedy was under the Gen. Sts. *c.* 43, § 73, Pub. Sts. *c.* 49, § 79, and his petition for a jury should have been brought within a year from the passing of the order; and as it was not brought for nearly three years from that time, it was brought too late, and the judgment of the Superior Court in dismissing the petition was right.

Though the distinction in the times for bringing petitions for a jury to assess damages sustained from a change of grade of a street, when done under an order for specific repairs, and when done without such order, seems to us to be clear, this distinction does not appear to have been always observed in practice in bringing petitions for juries, or in the remarks made in the opinions of the court, though there is no decision upon the question in conflict with the conclusion to which we have come; and it does not appear that this distinction has been raised and discussed in any reported case, except in *Bemis* v. *Springfield,* 122 Mass. 110.    In that case, the petitions were brought under the Gen. Sts. *c.* 43, and, being sustained under the provisions of that chapter, it was held unnecessary to determine whether they could also be maintained under the Gen. Sts. *c.* 44.

Certain cases are relied upon by the petitioner as sustaining his position, and these cases are entitled to consideration.

In *Brown* v. *Lowell*, *ubi supra*, it appears that, pursuant to a provision in the act incorporating the city of Lowell, by which the city council was authorized to cause streets to be graded, the city council had, pursuant to a vote, caused the grade of a street to be raised, for which the petitioner claimed damages. It was held that there was no provision in the act of incorporation for damages resulting from such change of grade ; and that the only remedy was under the Rev. Sts. *c.* 25, § 6, which is the statute upon which § 19, of the Gen. Sts. *c.* 44, is founded ; and that it was the act done, and not the vote contemplating the act, which gave the claim for damages. That case was decided long before any statute such as that upon which the respondent in this case relies existed, and as the question before us depends entirely upon the construction of the statutes authorizing municipal authorities to order specific repairs upon ways, and providing the method of determining the damages sustained by a landowner resulting from such order, the discussion and decision in that case furnish but little aid in determining the question in the case at bar.

In *Page* v. *Boston*, 106 Mass. 84, it appears that an order had been passed by the board of aldermen to pave the street ; it does not appear, however, that any order had been passed changing the grade, and damages were not claimed for the paving, but only for the change of grade, which, so far as appears, may have been done at the discretion of the persons in charge of the repairs. The petition was under the Gen. Sts. *c.* 44, § 19, and it was only determined that, under that statute, the right to damages did not accrue until the completion of the work ; following the decision in *Brown* v. *Lowell*. The provisions of *c.* 43 are not alluded to.

In *Barker* v. *Taunton*, 119 Mass. 392, it appears that the city had passed an order lowering the grade of a street, and another order for the construction of sidewalks therein. It was assumed by both counsel and the court, that a petition for a jury might be maintained under the Gen. Sts. *c.* 44, §§ 19, 20, and the question decided was that the completion of the sidewalk, which was subsequent to that of the grade of the street, was the completion

of the work, from which the time for applying for a jury began to run under that statute. The provisions of *c.* 43 are not alluded to.

In *Geraghty* v. *Boston*, 120 Mass. 416, the decision, that, when a way is laid out, and the grade of the land taken is changed as part of the original construction of the way, damages for such change are to be recovered under a petition for damages occasioned by the laying out of the way, and that a petition for a jury to assess such damages must be brought within a year after the order of laying out, was certainly correct, and was all that was necessary for the decision of the case; but the remark, " If, after the way is laid out as a highway or public street, the public authorities order a change in its grade, the landowner is entitled to apply for damages under the Gen. Sts. *c.* 44, §§ 19, 20, by reason of the 'raising, lowering, or other act done for the purpose of repairing such way,' and can file his petition within one year after the completion of the work," for which *Barker* v. *Taunton* is cited as authority, is incorrect, and is a dictum only.

In *Snow* v. *Provincetown*, 109 Mass. 123, and in *Lane* v. *Boston*, 125 Mass. 519, no question was raised as to the construction of either of the statutes we are considering, the only question being whether the change of grade was made as part of the original construction, under widenings of the streets, or whether it was made by a new and independent proceeding for the purpose of improving or repairing the streets. In *Snow* v. *Provincetown* there was no order for specific repairs made by the selectmen, and the petition was properly brought under the Gen. Sts. *c.* 44, §§ 19, 20; and in *Lane* v. *Boston* the work was all done, and the petition brought, within a year from the passage of the order, and was in season under either statute.

It was suggested in argument, that, though the petitioner may have had a remedy under the Gen. Sts. *c.* 43, § 73, if he had pursued it, he has still a remedy after the completion of the work under the Gen. Sts. *c.* 44, §§ 19, 20. But we think the provisions of *c.* 44 are not applicable in case of an order for specific repairs; and that the remedy provided for in case of such order is the only one that can be pursued, if the objection

to the other procedure is distinctly made, as has been done in this case.

If there were objections to the proceedings of the city, on account of a failure to give proper notices, such objections cannot be made under this petition, but should have been made under a petition for a writ of certiorari. *Brimmer* v. *Boston*, 102 Mass. 19.  *Taber* v. *New Bedford*, 135 Mass. 162.

*Petition dismissed.*