JOHN ALLEN *vs.* INHABITANTS OF GARDNER.

Worcester.     October 2, 1888. — October 18, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Way* — *Repairs by Highway Surveyor* — *Liability of Town for Damages* —
*Petition to Selectmen.*

If a highway surveyor, who has exhausted the appropriation for his district, makes
repairs on a way within the ordinary scope of his authority, but without the
written consent of the selectmen, the town, though not bound to pay there-
for, is liable, under the Pub. Sts. c. 52, § 15, for damages thereby caused to an
abutter.

A petition to the selectmen for compensation for such damages alleged that the
petitioner was an owner of land on a way, and sufficiently described it; that he
had suffered damage from the removal of earth in front of it for the purpose
of repairing the way, whereby he became entitled to compensation; and that
the repairs were "ordered and made under the direction and authority" of the
selectmen, in October, 1885. *Held,* that the petition was sufficient, under the
Pub. Sts. c. 52, § 15.

PETITION to the Superior Court, under the Pub. Sts. c. 52,
§§ 15, 16, for a jury to assess damages caused to the petitioner's
land in repairing Pearl Street in the defendant town.   Trial in
the Superior Court, before *Mason,* J., who allowed a bill of ex-
ceptions, which, so far as material, was as follows.

There was evidence that, on October 15 and 16, 1885, one of
the highway surveyors of the defendant town, within whose dis-
trict Pearl Street was situated, for the purpose of repairing it
removed earth between the wrought part of the way and the peti-
tioner's land, leaving there a steep embankment, and destroying
a path leading from his house to the street; and that the sur-
veyor used the earth so removed in filling up and raising other
parts of Pearl Street.   It was admitted that the highway sur-
veyor, who had exhausted the appropriation allotted to him for
repairs in his district, had consulted the selectmen relative to
the repairs on Pearl Street, and had received their oral, but not
their written, consent to make them; and that the surveyor
made the repairs, believing them to be necessary.

The petitioner duly filed a petition to the selectmen for com-
pensation for his damages, dated September 28, 1886, and signed

by him; but the selectmen refused to estimate his damages. The petition was as follows:

" The undersigned, John Allen, owner of land on the west side of Glazier Street and the north side of Pearl Street, and adjoining said Glazier and Pearl Streets, in the town of Gardner aforesaid, respectfully represents that he has sustained and suffered damage in his property by reason of the removal of a portion of the bank of earth in front of his land on said Pearl Street, adjoining his said land and outside the travelled and worked portion of said highway; said removal was done for the purpose of repairing said Pearl Street, for which he is entitled to compensation; that the removal of said portion of the bank of earth in front of his land on Pearl Street was ordered and made under the direction and authority of your honorable board of selectmen, in the month of October, 1885, and he petitions your honorable board to award him such compensation therefor as to law and justice shall appertain."

Upon these facts, the judge ruled that the petitioner was not entitled to recover, and directed the jury to return a verdict for the respondent. The petitioner alleged exceptions.

*H. C. Hartwell & E. D. Howe*, for the petitioner.

*E. P. Pierce*, (*J. A. Stiles* with him,) for the respondent.

KNOWLTON, J. The petitioner's estate was damaged by repairs made upon the street in front of it by one of the highway surveyors of the defendant town. His injury was of the kind for which compensation is intended to be provided by the Pub. Sts. c. 52, § 15; and the only matters alleged as grounds of objection to his recovery are, first, that the highway surveyor, having previously used all the money appropriated for his district, made the repairs without the written consent of the selectmen ; and, secondly, that the petition for the allowance of damages, filed with the selectmen, was not in proper form, nor sufficient to meet the requirements of the statute.

It has been held in many cases, that, under circumstances like those here disclosed, a liability to pay for repairs cannot be created by a highway surveyor against a town. *Sikes* v. *Hatfield*, 13 Gray, 347. *Todd* v. *Rowley*, 8 Allen, 51. *Goddard* v. *Petersham*, 136 Mass. 235. But a highway surveyor is a public officer, charged with the duty of keeping the roads in his district in

repair, and his official acts, done within the ordinary scope of the authority of such officers, after his public money is all expended, and without the written consent of the selectmen, are not illegal. The town cannot be made liable for the cost of them, but it may pay for them if it chooses so to do. *Jones* v. *Lancaster*, 4 Pick. 149. *Curran* v. *Holliston*, 130 Mass. 272. And so far as they cause damages to the estates of individuals by repairs upon the highways, they are treated as done under competent authority. This has been directly adjudicated in *Elder* v. *Bemis*, 2 Met. 599, 604, and in *Benjamin* v. *Wheeler*, 15 Gray, 486, 489, in regard to similar acts where damage was caused by a surveyor's turning a watercourse in such a way as to injure an adjacent estate, without the approbation of the selectmen, and in violation of the Pub. Sts. c. 52, § 14.

The principle upon which these cases rest is equally applicable to the case at bar. And it is obvious that a different rule would be likely to work great injustice; for landowners along a highway often have no means of knowing whether the appropriation for the use of a highway surveyor has been exhausted, or whether or not he is working with the written consent of the selectmen; and in case of injury to their estates, if they could not hold the town responsible for the consequences of his official acts, they would be without remedy.

The petition filed with the selectmen set out, either in direct averment or by plain implication, all that was necessary under the statute. The petitioner alleged that he was the owner of land, which, without fully describing it, he sufficiently designated; that he had suffered damage in his property by the removal of earth from the street in front of it; that the work had been done for the purpose of repairing the street; and that he was entitled to compensation, which he petitioned the board to award him. He was not strictly accurate in the statement in his petition that the repairs were " ordered and made under the direction and authority " of the selectmen. But the Pub. Sts. c. 52, § 3, provide that money used by highway surveyors in their several districts shall " be carefully and judiciously expended . . . . under the direction of the selectmen," and repairs made by a highway surveyor might well be supposed to come under the statute. The selectmen could not have been misled by this

inaccuracy; for the petition did not refer to any order or adjudication, such as would have been made under the Pub. Sts. c. 49, §§ 65–72, in proceedings in relation to specific repairs, and it did refer to the time when the work of repairing was done.

The petition could not properly have been treated as brought under the statute last cited. It was imperfect and informal; but strict rules of pleading are not to be applied in proceedings of this kind, and we are of opinion that it was sufficient.  *Wilbur* v. *Taunton,* 123 Mass. 522.                    *Exceptions sustained.*