LYMAN E. KEITH & another *vs.* CITY OF BROCKTON.

Plymouth.    October 16, 1888. — November 27, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Specific Repairs upon Way — Petition to assess Damages — Time of Filing.*

A petition for a jury to assess the damages caused by specific repairs on a way must, under the Pub. Sts. c. 49, § 79, be brought within one year after the order for such repairs is passed, and such time is not extended by § 89, which provides that a party aggrieved by the assessment of his damages "under this chapter" may in certain cases file such a petition "within six months after his land is actually entered upon."

PETITION to the Superior Court, filed on November 21, 1887, alleging that the petitioners were the owners of land on a street in Brockton; that on June 5, 1886, the city council of Brockton established the grade of such street, according to a plan of the city engineer then on file, and passed an order for specific repairs to be made thereon to bring it to the grade so established; that such repairs were duly made, and the grade of the street was lowered, to the damage of the petitioners' land; that the petitioners had no actual notice of the passage of the order, or of any proceedings under it, until less than sixty days before the expiration of one year from the passage of the order; and that no damages had been assessed or paid to the petitioners for the damage so sustained by them; and praying for a jury to ascertain such damages. The answer alleged that the Superior Court had no jurisdiction, because the petition was not seasonably filed.

The Superior Court dismissed the petition; and the petitioners appealed to this court.

*I. A. Leach*, for the petitioners.

*W. A. Reed*, for the respondent.

C. ALLEN, J. The order passed by the city council was not for the laying out, alteration, or discontinuance of the way, but it was for specific repairs thereof, by changing the grade according to a plan which was referred to (*Sisson* v. *New Bedford*, 137 Mass. 255); and according to the general rule in such case, the application by a party aggrieved for a jury must be made within one year after such order is passed. Pub. Sts. c. 49, § 79. But the petitioner contends that he is entitled to an extension of time under the provisions of § 89 of the same chapter. This latter section was founded upon the St. of 1874, c. 341, § 1, which clearly did not include the case of specific repairs, but was limited to the case of "damages sustained by the laying out, widening, altering, relocating, or discontinuance" of a way.

When this section was incorporated into the Public Statutes, in § 89, above referred to, it was expressed as follows: "A person aggrieved by the indemnity awarded to him, or by the assessment of his damages under this chapter, who omits to file his petition for a jury within one year, and who has not received,

at least sixty days before the expiration of such year, actual notice of the proceedings whereby he is entitled to such damage or indemnity, may within six months after his land is actually entered upon for the construction or alteration of a way, or after the actual closing of a way upon discontinuance, file his petition for the assessment of his damages by a jury," etc. Now, the words "under this chapter," near the beginning of this section, would be broad enough to include an assessment of damages for specific repairs; but the later portion of the section shows that only cases of damages by the construction or alteration or discontinuance of a way are intended to be included, because the petition must be filed within six months after his land is actually entered upon for those purposes.

There was no intention of changing the law as it already existed, or of extending the provisions of the St. of 1874, c. 341, § 1, so as to make them include a case of specific repairs.

*Petition dismissed.*