PATRICK GARRITY vs. CITY OF BOSTON.

Suffolk.    March 6, 1894. — June 21, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Falling away of Grade of Street — Damages — Statute.*

A petition was brought, under the Pub. Sts. c. 52, §§ 15, 16, for a jury to assess damages occasioned to the petitioner's estate by raising the grade of a street, which grade was established in 1874, by the street commissioners of the respondent city, and in that year was built to grade, and the 'buildings abutting upon it, including the petitioner's premises, were raised to conform to the grade, and the damages caused thereby were either released or paid for. In 1890 the whole of the district, including the street in question, fell away from the grade previously established. *Held*, that, whether the falling away was sudden or gradual, the petitioner had no remedy under the statute.

PETITION, filed April 25, 1892, for a jury to assess the damages occasioned to the petitioner's estate by raising the grade of Fellows Street in Boston. The case was submitted to the Superior Court, and, after judgment for the petitioner, to this court, on appeal, on agreed facts, in substance as follows.

By St. 1873, c. 340, the city council of the city of Boston was authorized to order the owners of lands lying within the Northampton Street district, which includes the premises described in this petition, to raise the grade of their lands to such permanent grade as might be deemed necessary by the board of aldermen to secure the complete drainage thereof. On September 1, 1873, the board of aldermen established the grade of cellars, back yards, and vacant lots, at twelve feet above mean low water; and on September 5, 1873, the city council ordered the owners to raise the grade of their estates to conform to the grade so established. Under the above statute, the city was confined to the raising of the land and buildings to such grade as would abate and prevent nuisances and preserve public health, and said land and buildings were raised to such grade , but upon the recommendation of the committee to whom was confided the carrying out of the details of the improvements contemplated by the statute of 1873, it seemed desirable that a permanent improvement of the territory should be made

by laying out certain streets, and raising them to a higher grade than the adjoining lands, so that they would correspond to the grade of the streets of the surrounding district. Upon this recommendation the street commissioners laid out certain streets, and among them Fellows Street mentioned in the petition, and fixed the grade thereof, in 1874, at eighteen feet above mean low water, and in the same year the street was built at that grade, and was thrown open to the public, and has ever since been used as a public street, and the buildings abutting on said street, including the petitioner's premises, were raised at that time to conform to that grade.

In October, 1890, the Northampton Street district, which includes Fellows Street and the petitioner's premises, had fallen away from said grade, and at this time under the direction of the superintendent of streets, the street was raised with a filling of earth and gravel, but not up to its grade as established and wrought in 1874, and by such raising the street was at its surface some three feet above the petitioner's abutting estate. The petitioner in consequence of the filling and raising done in October, 1890, was obliged to raise his buildings to conform to the condition of the street after this work was done.

If upon the above facts the petitioner was entitled to recover, judgment in the sum of seven hundred and fifty dollars was to be entered for him; otherwise, judgment was to be entered for the respondent, or the petition was to be dismissed.

*R. W. Nason*, for the respondent.

*T. F. McDonough*, for the petitioner.

LATHROP, J. The provisions of the Pub. Sts. c. 52, §§ 15, 16, under which this petition is brought, were first enacted in the Rev. Sts. c. 25, § 6, and re-enacted in the Gen. Sts. c. 44, §§ 19, 20.

As the law stood at the time of the passage of the Revised Statutes, a surveyor of ways might, in the absence of an order of the proper authorities fixing the grade of a way, raise or lower the grade at his discretion, if such action was necessary to keep the way in repair, or make it safe and convenient for travel. And such is his authority to-day. *Callender* v. *Marsh*, 1 Pick. 418. *Brown* v. *Lowell*, 8 Met. 172. *Mitchell* v. *Bridgewater*, 10 Cush. 411. *Burr* v. *Leicester*, 121 Mass. 241. See also *Sisson* v. *New Bedford*, 137 Mass. 255.

Before the Revised Statutes, however, a landowner who was injured by such a change of grade had no remedy. *Callender* v. *Marsh, ubi supra.* To meet this view of the law, which was deemed to be an injustice, the section of the Revised Statutes above referred to was enacted. *Brown* v. *Lowell, ubi supra.*

There have been many decisions under the section now under consideration, but none of them is decisive of the present case, or throws much light upon it; and it must be decided mainly upon general principles.

The grade of Fellows Street was established in 1874, by the street commissioners of the respondent city, and in that year was built to grade; and the buildings abutting upon it, including the petitioner's premises, were raised to conform to the grade. The petitioner concedes that the damages caused by this raising were, at that time, either released or paid for. Apart from this concession, such would be the presumption of law. *Brady* v. *Fall River,* 121 Mass. 262, 264.

In 1890, it was found that the whole of the Northampton Street district, which comprises many acres, and includes Fellows Street, had fallen away from the grade established sixteen years before. The agreed facts do not state whether this falling away was sudden or gradual. But we do not think it is material which it was. If an earthquake or a violent storm should cause a change of grade in a portion of a street and in a lot of land, it could hardly be contended that the restoration of the street to its established grade gave the lot owner a right to have his lot restored to grade at the expense of the city. And if the sinking is gradual, we see no reason why the city has not the right to maintain the street at its established grade, without further compensation than it has already paid.

The injury to the petitioner's land arises from the fact that he has not kept his land to the established grade.

In our opinion, the statute was not intended to apply to a case like the one now before us.

*Judgment for the defendant.*