CHARLES B. DANA & others *vs.* CITY OF BOSTON.
SAME *vs.* SAME.

Suffolk.    November 16, 1897. — April 6, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Petition for Damages caused by Change of Grade of Highway — Statute — Question for the Jury.*

Where specific repairs of a highway in changes of grade and structural formation were ordered by the board of aldermen of the city in which the highway is located in proceedings which specifically determined the nature and extent of the changes to be made, a petition by the owner of land situated near but not adjoining the highway for damages done to his land thereby is to be considered as brought under and to be governed by the provisions of Pub. Sts. c. 49, §§ 68, 69, and should be submitted to the jury.

THE FIRST CASE was a petition, under Pub. Sts. c. 49, §§ 68, 69, for the assessment of damages caused to the land of the petitioners, and to a right of way to Brookline Avenue by the raising of the grade of said avenue. The second case, which was an action of tort for damages caused by the same acts of the defendants, was abandoned by the plaintiffs after the entry of the exceptions in this court.

Trial in the Superior Court, before *Hopkins,* J., who ruled

that, admitting the truth of the facts offered to be proved, the nature of which appears in the opinion, the petitioners could not recover, and directed a verdict for the respondent in both cases ; and the petitioners alleged exceptions.

The case was argued at the. bar in November, 1897, and afterwards was submitted on briefs to all the justices.

*N. U. Walker*, for the petitioners.

*T. M. Babson*, for the respondent.

BARKER, J.    These cases grow out of acts done by the city of Boston in the year 1884 or 1885 upon a highway, under orders adopted in 1884 by the board of aldermen, and approved by the mayor.    The first action is a petition by the owners of land situated near, but not adjoining, the highway, for damages done to their land by changes of grade and structural formation under the orders referred to, and the petition was filed in the Superior Court on June 9, 1885.    The other action is in tort, by the same persons, for damages caused by the same acts of the city, and since the entry of the exceptions in this court it has been abandoned by the plaintiffs, so that we do not discuss it.

The respondent contends that the petition is under the provisions of Pub. Sts. c. 52, §§ 15, 16, governing claims for damages for acts done in repairing a way, and that it cannot be maintained because the petitioners' land does not adjoin the way. At the trial in the Superior Court a verdict was ordered for the respondent upon the petitioners' offer of proof, and we must take as true the statements of the offer.

These statements do not present a case under the provisions of Pub. Sts. c. 52, §§ 15, 16, but do present one under the provisions of Pub. Sts. c. 49, §§ 68, 69.    The first remedy is given where the raising, lowering, or other act done is for the purpose of making such repairs as can be made, without other authority, by highway surveyors or other officials charged with the duty of keeping highways reasonably safe and convenient for travellers, as required by Pub. Sts. c. 52, § 1.    The second is the remedy, where the raising, lowering, or other change in the structural conformation of the way is not made merely for the purpose of keeping the way reasonably safe and convenient for travellers, but with a view of changing its nature or mode of use, the acts done being beyond the ordinary discretionary power of highway

surveyors and similar officials, and effected under the authority of, and upon a plan fixed by, those having power to lay out or alter ways and order specific repairs. See *Bemis* v. *Springfield*, 122 Mass. 110, 116; *Sisson* v. *New Bedford*, 137 Mass. 255; *Sullivan* v. *Fall River*, 144 Mass. 579; *Nealley* v. *Bradford*, 145 Mass. 561; *Kennison* v. *Beverly*, 146 Mass. 467; *Allen* v. *Gardner*, 147 Mass. 452; *Keith* v. *Brockton*, 147 Mass. 618; *White* v. *Foxborough*, 151 Mass. 28, 42; *Proctor* v. *Stone*, 158 Mass. 564, 567; *Garrity* v. *Boston*, 161 Mass. 530; *Gray* v. *Everett*, 163 Mass. 77; *Bigelow* v. *Worcester*, 169 Mass. 390.

In the present instance the highway was raised eighteen feet, and was carried over a railroad, which it formerly crossed at grade. A bridge over the railroad, and permanent high embankments approaching the bridge, were constructed within the location of the highway. These changes were not such as could be made by officials charged merely with the duty of keeping the way reasonably safe and convenient. They were in fact specific repairs, and they were ordered by the board of aldermen in proceedings which specifically determined the nature and extent of the changes to be made. *Sisson* v. *New Bedford*, and *Sullivan* v. *Fall River*, *ubi supra.* The petition is therefore to be considered as brought under and to be governed by the provisions of Pub. Sts. c. 49, §§ 68, 69.

That remedy is not confined to owners of lands abutting on the highway, but, like that given by Pub. Sts. c. 49, § 14, may be availed of by any person who sustains damage in his property. *Trowbridge* v. *Brookline*, 144 Mass. 139, 141, and cases cited. *Collins* v. *Waltham*, 151 Mass. 196, 198. The decision of *Rand* v. *Boston*, 164 Mass. 354, does not govern the present case. In that case the alterations were made under the provisions for the abolition of grade crossings, and there was no change in the grade or the structural formation of the old highway. The street was widened, the embankment leading up to the bridge was erected wholly upon land added to the street by the widening, and the original street was left as it was before the changes were made. That case turned upon the opinion that the St. of 1890, c. 428, then under discussion, did not give the petitioner damages unless his land was taken, there being no contention that there was an alteration of grade.

For these reasons a majority of the court is of opinion that the petition for damages should have been submitted to the jury.

> *Exceptions sustained as to the petition, but overruled as to the action of tort.*