### HANNAH JAGER *vs.* OBADIAH ADAMS.

Suffolk.    March 8. — June 28, 1877.    ENDICOTT & SOULE, JJ., absent.

A person, who is constructing a brick wall abutting upon a highway, may be liable for negligence in not providing safeguards or barriers to prevent the accident of a brick falling, to the injury of a passing traveller, although there is no negligence of his servants, who are breaking and handling the bricks.

TORT for personal injuries. Trial in the Superior Court, before *Dewey*, J., who allowed a bill of exceptions, so much of which as is material to the understanding of the point decided is stated in the opinion.

*G. O. Shattuck & J. L. Eldridge*, for the plaintiff.

*A. A. Ranney*, for the defendant.

COLT, J.   The plaintiff was struck by a falling brick, or part of a brick, while passing along the sidewalk in front of a building in process of erection, upon the front wall of which, in an upper story, the defendant, who was doing the mason work of the building under a contract, had men at work laying brick from the inside. The plaintiff contended that the defendant

was liable for not preventing the approach of foot passengers by suitable barriers across the walk, and also for allowing his men to work in that place without protection in front, to prevent the falling of brick or other material upon the thoroughfare below.

There was evidence, consisting in part of the defendant's admissions, from which the jury might have found that the brick was dropped by one of the defendant's men, or fell off the wall at the point where they were at work. And it was possible for them to find that the immediate falling was not shown to have been due to any act which, considering the nature of the employment, could be called the negligent act of the men at work, or of any one of them. To meet this aspect of the case, the plaintiff asked the court to rule that, even if the brick fell by accident, the defendant might be liable for neglect in putting men to handle brick where a passing traveller would be liable to injury from it. The court refused this, and, while instructing the jury that the plaintiff must satisfy them that her injury was the result of the fault or negligence of the defendant or of some person in his employ, also told them that, if the falling of the brick was the result of an accident, and not of any negligence of the defendant's servants, he was not liable; and that the mere fact that a piece of brick fell from the building that the defendant was erecting would not justify the jury in presuming that he was guilty of a lack of reasonable care.

But it is a matter of common knowledge and experience, that, when men are breaking and handling bricks in the construction of such a wall, some of the material may fall, although the workmen, in fitting and laying it, are in the exercise of ordinary care. The immediate cause of the fall in such case may indeed be accidental, but it is an accident which the builder of the wall, in view of the danger to life and limb, may be bound to contemplate and provide against by safeguards or barriers, so that the traveller may not be exposed to injury; not to do so would be an "omission to do something which a reasonable man, guided upon those considerations which ordinarily regulate the conduct of human affairs, would do." Alderson, B., in *Blyth* v. *Birmingham Waterworks*, 11 Exch. 781, 784.

The jury found that the plaintiff had failed to prove that the brick which struck the plaintiff fell through the negligence or

carelessness of the defendant or his agents, or employees, and returned a verdict for the defendant.

In view of the plaintiff's request, which sufficiently, though imperfectly, called the attention of the court to the distinctions above stated, and the instruction which was actually given as to the accidental falling of the brick, with the form of the finding by the jury, we think the jury may have misunderstood or been misled by the rulings of the court, and the entry must be

*Exceptions sustained.*