SAMUEL CABOT *vs.* HOSEA KINGMAN & others.

Suffolk.   January 15, 1896. — June 16, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Trespass — Sewer — Injury to adjoining Land by Removal of Subsoil —
Action — Negligence — Contractor and Contractee.*

If, in the proper performance of a contract with the Metropolitan Sewerage Commissioners for the construction of a public sewer, the surface of adjoining land, no part of which is taken by the commissioners, cracks and settles, and buildings thereon are injured by reason of the removal of the subsoil, consisting in part of quicksand, the owner of the land, thus deprived of its lateral support, may maintain an action for his injury against the commissioners; and it is im-

material that the soil was removed by means of pumps from the trench into which it had fallen by its own weight, or had been carried by percolating water. HOLMES, KNOWLTON, & LATHROP, JJ. dissenting.

TORT, against the Metropolitan Sewerage Commissioners, for injury to the plaintiff's premises by the negligent removal of the soil thereof in constructing a sewer in Chelsea. Trial in the Superior Court, before *Mason*, C. J., who upon the plaintiff's offer of proof, ruled that the action coulꞁ not be maintained, and directed the jury to return a verdict for the defendants; and the plaintiff alleged exceptions. The facts appear in the opinion.

The case was argued at the bar in January, 1896, and afterwards was submitted on the briefs to all the judges.

*M. Storey & H. B. Cabot*, for the plaintiff.

*W. D. Turner*, for the defendants.

FIELD, C. J. It does not appear that any portion of the plaintiff's land was taken by the defendants. They took the right to construct, operate, and forever maintain an underground main sewer, etc., in a part of Marginal Street, a public street or highway in the city of Chelsea. The plaintiff did not offer to prove that he owned the fee of the soil in the street where the right to construct the sewer was taken. But even if he owned the fee, it was in effect decided in *Chelsea Dye House & Laundry Co.* v. *Commonwealth*, 164 Mass. 350, that by the taking no additional servitude was imposed upon the land under the highway, and that no right of any sort was taken in the plaintiff's land.

The plaintiff offered to prove that he owned and was in possession of land on said Marginal Street, with certain brick buildings standing thereon along the line of the street; that the defendants made a contract with one Orin P. Roberts to construct the sewer opposite the plaintiff's premises, and that Roberts constructed it according to the terms of the contract with due care; that the soil there consisted of about three feet of gravel filling upon about ten feet of peat and silt, below which was very fine sand and silt, or quicksand; that the average depth of the trench was about twenty-six feet, and the average width on top about fourteen feet, and on the bottom about twelve feet. The plaintiff also offered to prove that in this sand was a great deal of water; that the trench was kept free from

water by means of buckets and pumps; that large quantities of the plaintiff's soil were removed by this means, so that the surface of his premises, being deprived of its subjacent and lateral support, cracked and settled, and his buildings were injured; that the defendants knew or ought to have known what was the nature of the soil, and that the construction of the sewer in the manner provided for in the contract would necessarily result in injuring the plaintiff's property in the manner described, unless unusual and extraordinary precautions were taken; and that they were negligent in making the contract without requiring the contractor to take unusual and extraordinary precautions to prevent such injury.

Whatever may be true of percolating waters, we think that the defendants had no right to take away the soil of the plaintiff in land which they had not taken under the statutes, and that it is immaterial that the soil was removed by means of pumps from the trench into which it had fallen by its own weight, or had been carried by percolating water. We are unable to distinguish the case from one where the soil falls in from the surface in consequence of an excavation in the adjoining land. The plaintiff, if the facts be as he offered to prove, has been deprived of the lateral support to his land, in consequence of which the quicksand has run from under the surface of his land into the trench, and has been removed by means of pumps, and this has caused the surface to settle and crack. It was the duty of the defendants to prevent this in some manner, if they did not take the plaintiff's land.

The defendants, in the brief of their counsel, as we understand, concede that the statutes under which the right to construct the sewer in Marginal Street was acquired make no provision for the payment of such damages to land as the plaintiff offered to show. This seems to result from the decisions in *Chelsea Dye House & Laundry Co.* v. *Commonwealth*, 164 Mass. 350; in *Lincoln* v. *Commonwealth*, 164 Mass. 1; and in *Lincoln* v. *Commonwealth*, 164 Mass. 368. The cases of *Trowbridge* v. *Brookline*, 144 Mass. 139, *Parker* v. *Boston & Maine Railroad*, 3 Cush. 107, and *Dodge* v. *County Commissioners*, 3 Met. 380, were decided under statutes materially different as to damages from St. 1889, c. 439, under which the defendants in the case at

bar acted. The statutory provisions as to damages in each of those cases appear in the opinion in the case.

In the present case the plaintiff's rights and the defendants' liability must be determined by the common law. The extent of the right of a landowner in this Commonwealth to the lateral support of adjoining land was considered in *Gilmore* v. *Driscoll,* 122 Mass. 199.

The contention of the defendants is, that, if there is any liability, Roberts the contractor is alone liable. It is not clear that by the terms of the contract the defendants, acting through their chief engineer, did not retain such control over the manner of constructing the sewer as to render themselves liable for injuries to third persons resulting therefrom, within the principle of the decision in *Linnehan* v. *Rollins,* 137 Mass. 123. But whether this is so or not, assuming the offer of proof to be true, we think that the defendants are liable if the result of what has been done in the proper performance of the contract has been to remove the soil from the plaintiff's premises to his injury. In *Dalton* v. *Angus,* 6 App. Cas. 740, 829, Lord Blackburn states the law as follows: "Ever since *Quarman* v. *Burnett,* 6 M. & W. 499, it has been considered settled law that one employing another is not liable for his collateral negligence unless the relation of master and servant existed between them. So that a person employing a contractor to do work is not liable for the negligence of that contractor or his servants. On the other hand, a person causing something to be done, the doing of which casts on him a duty, cannot escape from the responsibility attaching on him of seeing that duty performed by delegating it to a contractor. He may bargain with the contractor that he shall perform the duty and stipulate for an indemnity from him if it is not performed, but he cannot thereby relieve himself from liability to those injured by the failure to perform it. *Hole* v. *Sittingbourne & Sheerness Railway,* 6 H. & N. 488. *Pickard* v. *Smith,* 10 C. B. (N. S.) 470, 473. *Tarry* v. *Ashton,* 1 Q. B. D. 314." See *Hughes* v. *Percival,* 8 App. Cas. 443; *Bower* v. *Peate,* 1 Q. B. D. 321; *Hardaker* v. *Idle District Council,* [1896] 1 Q. B. 335; *Woodman* v. *Metropolitan Railroad,* 149 Mass. 335; *Blessington* v. *Boston,* 153 Mass. 409; *Harding* v. *Boston,* 163 Mass. 14.

In the opinion of a majority of the court, the presiding justice could not properly rule on the plaintiff's offer of proof that the action could not be maintained, and the exceptions must be sustained. It is unnecessary now to consider the rule of damages if the action can be maintained.

Justices Holmes, Knowlton, and Lathrop are of a different opinion from that herein expressed. Apart from other differences, they think that the withdrawal of the support or barrier of soil to subterranean water is not a wrong, even if the adjoining land subsides; *Popplewell* v. *Hodkinson*, L. R. 4 Ex. 248; and that the support of quicksand which flows so freely as to be raised by a pump ought to follow that analogy. They are inclined to regard the best distinction as that between the support of liquids and the support of solids.

*Exceptions sustained.*