JAMES SHELDON *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

WILLIAM SHELDON *vs.* SAME.

Middlesex.    March 17, 1898. — November 21, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Grade Crossing — Damages for Draining Well — Statute — Location of New Railroad.*

Where a railroad excavates the land along the line of its new location to the depth of about fifteen feet below the level of its former roadbed, and thereby permanently drains the well of A. on his land, a short distance away from the land taken and separated from it by the land of other persons, A. suffers damage from the taking of land for use as a railroad within the meaning of St. 1890, c. 428, entitled "An Act to promote the abolition of grade crossings"; and under St. 1891, c. 123, the damage is of a kind which would entitle him to compensation if occasioned by the taking of land for locating and laying out a railroad.

Where statutes are parts of a general system relating to the same class of subjects, and rest upon the same reasons, they should be so construed, if possible, as to be uniform in their application and in the results which they accomplish.

TWO PETITIONS for damages caused by the abolition of a grade crossing in the town of Natick. Trial in the Superior Court, before *Sheldon,* J., who ruled that the petitioners could not recover, and directed the jury to return a verdict for the respondent in each case; and the petitioners alleged exceptions. The facts appear in the opinion.

The cases were argued at the bar in March, 1898, and afterwards were submitted on briefs to all the justices except *Holmes,* J.

*F. M. Forbush*, for the petitioners.

*P. H. Cooney*, for the respondent.

KNOWLTON, J.   The respondent took land under St. 1890, c. 428, entitled "An Act to promote the abolition of grade crossings," and St. 1891, c. 123, in amendment thereof, for the purpose of changing its grade at a crossing in accordance with the report of commissioners appointed under the provisions of the statutes.   It excavated the land along the line of the new location to the depth of about fifteen feet below the level of its former roadbed, and thereby permanently drained the wells of the petitioners on their lands a short distance away from the land taken, and separated from it by the land of other persons. These petitions are brought by the petitioners respectively to recover damages for the loss of their respective wells, and no other damage is claimed.   Damages in such cases are to be assessed "in the same manner, and under like rules of law, as damages may be determined when occasioned by the taking of land for the locating and laying out of railroads and public ways, respectively, in such city or town."   St. 1890, c. 428, § 5. St. 1891, c. 123, § 1.

If any part of the land of the petitioners had been taken, there is no doubt, upon all the authorities, that in assessing their damages an allowance would have been made for the draining of their wells upon the land that remained.   *First Church in Boston* v. *Boston*, 14 Gray, 214.   *Geraghty* v. *Boston*, 120 Mass. 416.   *Murphy* v. *Boston*, 120 Mass. 419.   *Brady* v. *Fall River*, 121 Mass. 262, 264.   *Lane* v. *Boston*, 125 Mass. 519.   *Sisson* v. *New Bedford*, 137 Mass. 255.

There are many cases in which the statute giving damages occasioned by the taking of land for railroads has been discussed, and in which it has been said that the right of one who has suffered special and peculiar damages to his property occasioned by the taking of land for a railroad to recover damages for his injury does not depend upon the question whether any part of his land is taken.   *Dodge* v. *County Commissioners*, 3 Met. 380.   *Ashby* v. *Eastern Railroad*, 5 Met. 368.   *Babcock* v. *Western Railroad*, 9 Met. 553, 555.   *Parker* v. *Boston & Maine Railroad*, 3 Cush. 107.   *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad*, 10 Cush. 385.   *Curtis* v. *Eastern Rail-*

*road,* 14 Allen, 55. *Parker* v. *Boston & Maine Railroad* was almost identical with the case at bar, except that the land was taken for the construction of a new railroad instead of for the alteration of an old one. It was held that the petitioner, no part of whose land was taken, might recover damages for the draining of his well. In *Trowbridge* v. *Brookline,* 144 Mass. 139, it was held, after full consideration and a citation of the authorities, that one might recover damages to his land caused by the construction of a sewer, although no part of the land was taken or entered upon. In *Dana* v. *Boston,* 170 Mass. 593, the latest case considered by this court, the petitioners, no part of whose land abutted upon the highway, were allowed to recover damages to their property from the changing of the grade in making specific repairs upon a highway. The language of the statutes under which these decisions were made, as construed by the court, seems to show a purpose on the part of the Legislature, when land is taken for the construction of a railroad, a highway, or a sewer, not only to make compensation to owners for the land taken, but also, when one suffers special and peculiar damages to his property by the taking of land for such a use, to compensate him for the injury. These cases show that the principle applies without reference to the question whether any part of the petitioner's land is taken, so as also to give him the right to payment for property which passes to the public.

These principles and authorities control the present case, unless a distinction is to be made between cases which arise under these statutes in regard to railroad crossings, and those that arise under the Public Statutes authorizing the taking of land for the construction of new railroads and highways. Where statutes are parts of a general system relating to the same class of subjects, and rest upon the same reasons, they should be so construed, if possible, as to be uniform in their application and in the results which they accomplish. There can be no doubt that these enactments in regard to changes at railroad crossings look to damages caused by the use to which the land is to be put, as well as the analogous sections of the Public Statutes to which they refer. In terms, they give compensation for damages occasioned by the taking of lands for these public uses. The provisions of the Public Statutes go no further.

The questions involved in the present case were considered in *Rand* v. *Boston*, 164 Mass. 354, and the decision was made to turn upon the distinction between the language of the statute and the provisions of the Public Statutes in regard to taking lands for sewers and for railroads. Whether there is or is not a sound distinction between this case and the present cases, a majority of the court are of opinion that the present cases should be decided as if the land had been taken under the provisions of the Public Statutes for locating new railroads. .

*Exceptions sustained.*