LOMELIA A. BICKFORD *vs.* INHABITANTS OF HYDE PARK.

Norfolk.    December 15, 1898. — June 30, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Sewer — Injury to Landowner by Draining of Well — Damages — Statute.*

Injury to a landowner by draining his well,·caused by the construction and maintenance of a common sewer, under St. 1896, c. 287, in front of the land, may be recovered for under § 16, although no land is taken.

PETITION, to the Superior Court, under St. 1896, c. 287, for a jury to assess the damages caused to the petitioner's estate by the construction and maintenance of a common sewer in front thereof. Trial before *Sherman*, J., who allowed a bill of exceptions, in substance as follows.

It appeared that the respondent town, in 1896, elected three sewer commissioners, pursuant to the provisions of St. 1896, c. 287, and instructed them to proceed with the construction of sewers ; that, in connection with the general system of sewerage, the commissioners directed the excavation of a trench for a town sewer pipe, which was dug at a depth of ten or eleven feet in front of the petitioner's premises on East River Street, a public way in the town ; and that they constructed a public sewer in

such street, and thereafter continuously maintained the sewer down to the date of the trial.

There was no entry made upon the land of the petitioner, and no land or property of the petitioner was taken for sewer purposes.

It appeared that, in the construction of its system of sewerage, the town, on September 23, 1897, entered upon and took private land in the town, about one thousand feet distant from the petitioner's land, and also on July 16, 1897, in another district of the town, on the easterly side of the Neponset River, the petitioner's land being on the westerly side of the river, and about a half a mile distant from the petitioner's land.

The petitioner introduced evidence, or offered to prove, that from 1870 to the date of the trial she had lived in the dwelling-house upon the premises in question ; that upon these premises, and about fifty feet from the line of East River Street, was a well ; that the water in this well was of a superior quality, and of great value ; that simultaneously with the laying and constructing of the sewer on East River Street, the petitioner's well was completely drained and dried ; that the cause of the drying was the construction and maintenance of the sewer ; that the well continued dry to the date of the trial, and would always remain dry in consequence thereof ; and that the draining of the well was a source of great injury to the petitioner, and the town awarded her no damages therefor.

Upon the foregoing offer of proof and evidence, the judge ruled, at the request of the respondent, that the petition could not be maintained ; and directed the jury to return a verdict for the respondent.  The petitioner alleged exceptions.

*J. M. B. Churchill*, for the petitioner.

*J. E. Cotter*, for the respondent.

LATHROP, J. If we assume in favor of the respondent that the petition cannot be maintained under the St. of 1896, c. 287, § 4, inasmuch as there was no taking of the petitioner's land, we still are of opinion that the petitioner may recover for the injury done to her estate under § 16 of the act referred to.  This section is as follows : " The provisions of chapter fifty of the Public Statutes and of acts in amendment thereof, so far as applicable and not inconsistent with this act, shall apply to the town of Hyde Park in carrying out the provisions of this act."

Section 3 of the Pub. Sts. c. 50, is as follows: " Damages occasioned by the laying, making, or maintaining of main drains or common sewers, shall be ascertained and recovered in a city, as in the laying out of highways or streets therein; and in towns, as in the laying out of town ways."

To ascertain what damages may be recovered, we must turn to the Pub. Sts. c. 49, § 16, which is as follows: " In estimating the damage sustained by laying out, locating anew, altering, or discontinuing a highway, or by an order for specific repairs, regard shall be had to all the damages done to the party, whether by taking his property or injuring it in any manner; and there shall be allowed, by way of set-off, the benefit, if any, to the property of the party by reason thereof."

It is well settled that under this and similar statutes, allowing all the damages done to a party, whether any of his property is taken or not, injury to a landowner by draining his well may be recovered for by a petition under the act. *Sheldon* v. *Boston & Albany Railroad,* 172 Mass. 180, and cases cited. See also *Penney* v. *Commonwealth, ante,* 507.     *Exceptions sustained.*