*F. N. Thayer,* for the plaintiff.

*J. H. Meagher, E. Zaeder & J. P. Morrissey,* for the defendant.

---

AUSTIN D. MCNAMARA *vs.* COMMONWEALTH.

Worcester.    September 30, 1903. — October 21, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Metropolitan Water Act.   Damages.*

Under St. 1895, c. 488, § 14, which provides compensation for the owners of real estate situated between certain lines in the town of Clinton, which is directly or indirectly decreased in value by that act or the doings of the metropolitan water board, the owner of real estate lying partly within and partly outside of the described territory can recover for indirect damage only to that part of his property which is within the designated boundaries.

Under those portions of St. 1895, c. 488, which provide compensation for damage caused directly by the doings of the metropolitan water board, the draining of a well by the acts of the board is a special and peculiar damage for which a landowner is entitled to compensation whether his land is taken or not.

Under St. 1895, c. 488, § 15, providing that the metropolitan water board, upon agreement or determination of damages, shall notify the landowner that they will pay the damages, "or, in case the petitioner offers to make surrender, if they so prefer, they will pay the value so agreed upon or determined", the water board, on an offer of a petitioner to surrender his land and a determination of its value by the commissioners, may elect either to take the land or to pay the damages.

PETITION, filed June 3, and amended June 22 and November 5, 1901, for the assessment of damages under St. 1895, c. 488, § 14.

The case came on to be heard before *Lathrop,* J., upon the report of commissioners theretofore appointed, and by agreement of the parties was reserved for the consideration of the full court,

such order and disposition of the case to be made as to the full court should seem meet.

*J. W. Corcoran & W. B. Sullivan,* for the petitioner.

*R. A. Stewart,* Assistant Attorney General, for the Commonwealth.

KNOWLTON, C. J.   The petitioner seeks to recover damage to his property under that clause of St. 1895, c. 488, § 14, which gives compensation to the owner of any real estate not taken but directly or indirectly decreased in value by the doings of the metropolitan water board, situated between certain lines in the town of Clinton.   His estate contains about fifty square rods, with three tenement houses and sheds thereon.   A part of it lies inside and a part outside of the boundaries given in the statute.   The first question is whether he is entitled to damage to his entire estate or only damage to that part of it within the designated boundaries.   This is a peculiar provision, giving damages which may be remote and consequential, and which are produced by causes operating only indirectly upon the property. *Fairbanks* v. *Commonwealth,* 183 Mass. 373.   *Burnett* v. *Commonwealth,* 169 Mass. 417.   *Nashua River Paper Co.* v. *Commonwealth, ante,* 279.   For this reason it is only real estate within a prescribed place that was thought to be peculiarly affected by the statute which gives its owner a right to this kind of damages.   We think it plain that no award can be made under this clause of the statute for damages to real estate which is not within the prescribed boundaries.

The report also shows that the acts of the water board have drained the petitioner's well on that part of his property which is outside of the lines mentioned.   This appears to be a special and peculiar damage caused directly by the doings of the board, which is covered by other provisions of the statute.   An earlier clause in this section gives damages to the owner " of any real estate injured by the taking of the waters of said Nashua River." Sections 12 and 13 give damages to property for all acts done under the statute, and these damages are to be determined " in the same manner as damages for lands taken for highways are determined."   Under this provision there may be an allowance of special and peculiar damages which are at the same time direct and proximate, like the draining of a well, whether any part of

the petitioner's land is taken or not. R. L. c. 48, § 15. *Parker* v. *Boston & Maine Railroad*, 3 Cush. 107. *Trowbridge* v. *Brookline*, 144 Mass. 139. *Dana* v. *Boston*, 170 Mass. 593. *Sheldon* v. *Boston & Albany Railroad*, 172 Mass. 180. *Bickford* v. *Hyde Park*, 173 Mass. 552. *Putnam* v. *Boston & Providence Railroad*, -182 Mass. 351. *Nashua River Paper Co.* v. *Commonwealth, ante,* 279. In *Chelsea Dye House & Laundry Co.* v: *Commonwealth,* 164 Mass. 350, which was followed in *Cabot* v. *Kingman,* 166 Mass. 403, and *Magee Furnace Co.* v. *Commonwealth,* 166 Mass. 480, the decision was put distinctly upon the ground that the cause of the damage did not come within any other of the provisions of the statute, and that the case must stand, if at all, upon the word "taking" in the metropolitan sewer act, and it was held by a majority of the court that the taking of rights in the public highway imposed no additional servitude upon the land under the highway, and was therefore not a taking within the meaning of that part of the statute. The opinions in some other cases under that act should be read with this fact in mind. So far as the petitioner has suffered damage to his property which would be recoverable if it were caused by taking land for a highway, it should be allowed under this petition, and the case should be recommitted for the assessment of such damage.

The petitioner in the petition signified his willingness to surrender his real estate, and the commission has accordingly determined its value. The question is now raised whether the Commonwealth is obliged to take it, or whether the water board may elect either to take it or to pay the damage. This question depends upon the effect of the words "if they so prefer" in the fifth and sixth lines of § 15. These words do not make it obligatory upon the board to take the property, but leave them to exercise their preference. It is only in case they prefer to take the whole that they are obliged to do more than to pay the damages.

*Report recommitted.*