SAMUEL HYDE & another *vs.* CITY OF FALL RIVER.

Bristol.    October 23, 1905. — November 27, 1905.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Damages.    Grade Crossing Acts.*

Under St. 1890, c. 428, as amended by St. 1891, c. 123, now R. L. c. 111, §§ 149–160, one whose land, none of it being taken, is injured in the abolition of a grade crossing by the construction of a street built upon an embankment supported by a retaining wall, rising from five and one half to fourteen and one half feet high in front of and forty feet away from his land on the opposite side of a street on which his land abuts, may be found to have suffered special and peculiar damage for which he is entitled to recover under the statute.  Following *Sheldon* v. *Boston & Albany Railroad,* 172 Mass. 180, which is held to have overruled *Rand* v. *Boston,* 164 Mass. 354.  LATHROP, J., dissenting.

KNOWLTON, C. J.    Grade crossings were abolished and changes of streets were made in Fall River under the St. 1900, c. 472, by which act the provisions of St. 1890, c. 428, as amended by the St. 1891, c. 123, are made applicable to the proceedings, so far as they are not inconsistent therewith. These latter statutes are now found in R. L. c. 111, §§ 149–160.

This is a petition to recover damages for the abolition of the grade crossing of Ferry Street.  The petitioners owned land next to the crossing on the northerly side of Ferry Street.  That portion of Ferry Street which is within the location of the railroad was discontinued, but the street immediately in front of the petitioners' premises was left without change.  Land was taken along the line of the street on the opposite side, on which an embankment was built, beginning some distance from the premises of the petitioners and gradually ascending, so as to carry the public travel over the railroad in a line just southerly of the former line of Ferry Street.  Ferry Street is forty feet wide, and the embankment, supported by a wall, is from five and one half feet to fourteen and one half feet high in front of different parts of the petitioners' premises.  These premises were built upon close to the line of the street, before the change was ordered.  The petitioners made various offers of proof, tending

to show special and peculiar damages, all of which were rejected. After a verdict had been ordered for the respondent, the case was reported to this court upon the question, whether, upon the admitted facts and the offers of proof, the petitioners were entitled to go to the jury.

There were various other changes in connecting streets at and about the crossing, which we need not consider. By reason of the discontinuance of the street within the location of the railroad, the petitioners, in order to cross the railroad, are obliged to go back on Ferry Street and pass around up the new street and over a bridge. If they suffer damages by reason of the discontinuance of Ferry Street at the point where it crossed the railroad, their damage is not special and peculiar, but is the same in kind as that of the general public, although it may be relatively great in degree. It is well settled that there can be no recovery for such damage. *Davis* v. *County Commissioners*, 153 Mass. 218. *Hammond* v. *County Commissioners*, 154 Mass. 509. *Robinson* v. *Brown*, 182 Mass. 266.

They are left with a street nearly fifteen feet high and only forty feet away, built in front of their premises, over which teams are frequently passing. The jury well might find that they have suffered special and peculiar damages in their property from the taking of land and the appropriation of it to this use. The question is whether, under our statutes, there can be a recovery for such damage. The statute which governs this case is that under which *Rand* v. *Boston*, 164 Mass. 354, was decided, and the material facts in the two cases are almost identical. Questions of law were very much considered and discussed in that case, one of which was, whether special and peculiar damages to real estate can be allowed, in similar proceedings under the Public Statutes, if they arise from the taking of land and its appropriation to a use which is similar in its nature to that which an individual owner of the fee lawfully might make without liability. The opinion of the majority of the court conceded that such damages might be recovered by one a part of whose land was taken, but intimated, without deciding, that they could not be recovered by one whose only damage was of that kind. In addition to numerous decisions previously made, and referred to in the discussion of that case, this court has since repeatedly

held that such damages may be recovered by one, no part of whose land was taken. *Dana* v. *Boston*, 170 Mass. 593. *Bickford* v. *Hyde Park*, 173 Mass. 552. *Putnam* v. *Boston & Providence Railroad*, 182 Mass. 351. *Sheldon* v. *Boston & Albany Railroad*, 172 Mass. 180. In reference to this kind of damage, therefore, as distinguished from the damage suffered from the taking of a title to other land belonging to them, the petitioners stand, under the latest as well as the early decisions of this court, as they would have stood if a part of their own land had been taken.

In *Munn* v. *Boston*, 183 Mass. 421, 423, numerous authorities are cited in support of the general rule, which is there stated as follows: "It is established under the statute before us and other similar statutes that if, from the laying out and construction of a public way, damage results to real estate which is direct and proximate, as distinguished from remote and consequential, and which is special and peculiar as distinguished from general, the fact that the property does not abut upon the public way will not bar a recovery." Each one of the above cases, decided since the decision in *Rand* v. *Boston*, covers all the questions discussed in the opinion of the court in that case, except the question upon which the decision was made to turn. This question has since been carefully reconsidered by the court. The decision was that the Sts. 1890, c. 428, § 5, and 1891, c. 123, § 1, do not open to persons injured in their property as liberal rights to the recovery of damages as do the public statutes in reference to laying out highways and sewers and locating railroads. When the question again came before the court in *Sheldon* v. *Boston & Albany Railroad*, 172 Mass. 180, an opposite conclusion was reached. Under the statute, the damages are to be assessed " in the same manner and under like rules of law as damages may be determined when occasioned by the taking of land for the locating and laying out of railroads and public ways, respectively, in such city or town." Of this provision the court said in *Sheldon* v. *Boston & Albany Railroad :* "Where statutes are parts of a general system relating to the same class of subjects, and rest upon the same reasons, they should be so construed, if possible, as to be uniform in their application and in the results which they accomplish." After pointing out another

reason why the damages should be assessed in the same way in this statute as under the Public Statutes, and referring to *Rand* v. *Boston*, the court stated its opinion that the case should be decided as if brought under the Public Statutes, even if no sound distinction could be made between the two cases. The reports of the two cases show that they are identical in the principles involved in the decisions, and the later one necessarily overruled the earlier.

This later case has often been cited and referred to with approval, in decisions some of which are under similar statutes, and it is now the law by which we must be governed. *Penney* v. *Commonwealth*, 173 Mass. 507, 509. *Bickford* v. *Hyde Park*, 173 Mass. 552. *Putnam* v. *Boston & Providence Railroad*, 182 Mass. 351. *Munn* v. *Boston*, 183 Mass. 421. *Sheehan* v. *Fall River*, 187 Mass. 356, 358. We are of opinion that upon some of the offers of proof the petitioners were entitled to be heard by the jury.

*Verdict set aside.*

Mr. Justice LATHROP dissents on the ground that he sees no reason for overruling *Rand* v. *Boston*.

*J. W. Cummings*, (*E. Higginson & C. R. Cummings* with him,) for the petitioners.

*H. A. Dubuque*, (*F. S. Hall* with him,) for the respondent.