JAMES McKEON vs. NEW ENGLAND RAILROAD COMPANY
& another.

MAYNARD A. DAVIS vs. SAME.

Suffolk.     March 3, 1908. — June 16, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Damages,* For property taken or injured under statutory authority.  *Grade Cross-*
*ings.*  *Pleading, Civil,* Petition for damages from abolition of grade crossing,
Amendment.  *Easement.*  *Statute.*

One, whose property is depreciated in value through interference with light, air
and prospect by retaining walls built by a railroad company upon its own land
in the abolition of a grade crossing, has no remedy at common law.

A demurrer to a petition under St. 1906, c. 463, Part I. § 37, for damage resulting
to the petitioner by reason of depreciation of the value of real estate of the peti-
tioner, abutting on a railroad, through interference with light, air and prospect
by a retaining wall built on its own land by a railroad company in the abolition
of a grade crossing, will be sustained if the petition contains no allegation that
there was a taking of land or of an easement in land, or a change or discontinu-
ance of a private way by the company in the course of such abolition.

*It seems,* that, if a petition under St. 1906, c. 463, Part I. § 37, for damages result-
ing to land of the petitioner from the abolition of a grade crossing of a railroad
with a highway contains an allegation that in the course of such abolition some
land or an easement in land was taken, or that a private way was changed or
discontinued, whereby the petitioner suffered special and peculiar damage, it is
not necessary to allege that land or an easement in land of the petitioner was
taken, or that a private way of his was changed or discontinued.

Interference with light, air and prospect by a railroad company in the abolition of
a grade crossing of the railroad with a public way does not constitute such a
taking of an easement in the land so interfered with as, without more, will sup-
port a petition for damages under St. 1906, c. 463, Part I. § 37.

Damage, resulting to the owner of land from the erection of temporary bridges
over it by a railroad company and from the running of trains thereon during
the work of abolishing a grade crossing, cannot be recovered by petition under
St. 1906, c. 463, Part I. § 37.   The owner's remedy, if any, is in tort.

TWO PETITIONS, filed in the Superior Court for the county of
Suffolk on July 18, 1907, for damages alleged to have been sus-
tained by the petitioners by reason of the abolition of the cross-
ing at grade of Dudley Street in Boston by the New England
Railroad.

The substance of the petitions is stated in the opinion.  De-
murrers of the defendants were overruled by *Richardson,* J.,
who, at the request of the respondents, reported the cases for
consideration by this court.

*A. F. Clarke,* for the respondents.

*S. M. Child,* (*M. L. Jennings* with him,) for the petitioners.

MORTON, J.    These are petitions for the assessment of damages alleged to have been caused by the abolition of the grade crossing on Dudley Street in Boston.    The cases come here on report after a demurrer in each had been overruled, and the question is the same in both.    They were argued together and we proceed to consider them together.

The McKeon petition, after describing the premises and after referring to the decree of the Superior Court under which the defendants have acted, alleges that the defendants " have caused and are causing great damage to the petitioner's property by the erection of retaining walls on Norfolk Avenue in front of and along the side of and in the rear of the plaintiff's property causing him great and permanent loss in the value of the same and that said defendant companies in pursuance of said order and in doing the work thereunder have caused your plaintiff great damage by the erection of the temporary bridges over said Norfolk Avenue and upon and against your plaintiff's property over which said bridges said companies have caused to be run during the prosecution of said work a great many trains daily, that the grade of the said roadbed of said railroad has been raised a great height shutting out your plaintiff's light and air and otherwise impairing the value of his property."    The allegation in the Davis petition is that the defendants " have caused and are causing your plaintiff great damage to his property aforesaid by the building against his property of a high granite retaining wall, impairing your plaintiff's right to light and air and reducing the value of your plaintiff's property by a large amount."

The defendants contend that the remedy of the plaintiff McKeon, if any, for the erection of temporary bridges upon his property and running trains over the same is in tort; that neither the plaintiff McKeon nor the plaintiff Davis has any remedy at common law for any damages caused by the building by the defendants of retaining walls upon their own premises even though the result is to shut out light and air from the premises of the petitioners, and that neither has any remedy under the statute in regard to the abolition of grade crossings for the reason that in neither case does the petition allege any

taking of land or an easement therein or discontinuance of a private way.

It does not appear in either of the petitions when the proceedings for the abolition of the crossing were instituted.   But it is said in the briefs for the petitioners that the petition for the abolition of the crossing was filed under R. L. c. 111, §§ 149–160, inclusive ; and this is also stated in substance in the brief of the defendants, and we assume the fact to have been as both parties seem to agree that it was.

R. L. c. 111, § 153, as amended by St. 1905, c. 408, § 3, and St. 1906, c. 463, Part I. § 37, which was the law in force at the time of the entry of the decree in the Superior Court,* provides in regard to the liability of railroad corporations as follows :  " All damages which may be . . . caused by the taking of land for the railroad or by the change or discontinuance of a private way, or by the taking of an easement in land adjoining a private way or a railroad location in connection with the abolition of a grade crossing shall primarily be paid by the railroad corporation ; and all damages which may be sustained by any person by the abolition of private ways, except as hereinbefore provided, shall be entirely paid by the railroad corporation.   If the parties interested cannot agree upon said damages, any party may have the damages determined by a jury in the Superior Court . . . in the same manner as damages may be determined which are caused by the taking of land for the locating of railroads and the laying out or discontinuance of public ways, respectively."   The original grade crossing act provided for the determination of the damages " in the same manner and under like rules of law as damages may be determined when occasioned by the taking of land for the locating and laying out of railroads and public ways, respectively."   The words " and under like rules of law " were retained through all the various amendments that were made until the Revision of 1902, when, for some reason, probably because they were deemed superfluous, they were omitted from the statute.   St. 1890, c. 428, § 5.   St. 1891, c. 123. St. 1894, c. 216.   St. 1897, c. 264.   St. 1898, c. 200.   St. 1900,

---

* The decree authorizing the abolition of the grade crossing was entered July 19, 1906.

c. 463. Their omission does not, however, we think, affect the rules of law applicable to the cases before us. At common law the petitioners would have no remedy for any damages caused to their property through interference with light and air and prospect by the erection by the defendants of retaining walls upon their own land. *Cassidy* v. *Old Colony Railroad*, 141 Mass. 174. Their remedy, if they have any, is under the statute in relation to the abolition of grade crossings. And in order to bring themselves within the remedy afforded by that statute their petitions must contain the necessary allegations.

It is plain that, under the recent decisions of this court, the petitioners have suffered special and peculiar damages in the abolition of the crossing, ( *Whitney* v. *Commonwealth*, 190 Mass. 531. *Hyde* v. *Fall River*, 189 Mass. 439. *Sheehan* v. *Fall River*, 187 Mass. 356. *Sheldon* v. *Boston & Albany Railroad*, 172 Mass. 180. *Penney* v. *Commonwealth*, 173 Mass. 507,) and that if that were all that it was necessary to allege in order to entitle them to maintain their petitions, then the demurrers were rightly overruled. But we do not think that it is. As we construe the statute, the defendants were liable only in case there was a taking of land or of an easement in land by them, or a change or discontinuance of a private way. And it is not alleged in either petition that either one of those things was done by the defendants and that damage to the premises of the petitioners was caused thereby. It is not necessary that land of the petitioners or an easement therein should have been taken. But no case has gone so far as to hold that damages like those sustained in these cases can be recovered where no land or easement in land is taken. Interference with light, air and prospect does not constitute the taking of an easement in the land so interfered with, though it may result in damage to the property interfered with, and is a proper element of damage when land is taken. It should be noted that in *Rand* v. *Boston*, 164 Mass. 354, which has since been overruled (*Hyde* v. *Fall River, supra*), and in which there was a dissenting opinion, land on the opposite side of the street was taken and also in *Hyde* v. *Fall River, supra*.

The erection of temporary bridges on and over the property of the petitioner McKeon and the running of trains over the same was a trespass, not a taking, and the remedy, if any, for

any damages caused thereby is in tort.  See *Peabody* v. *Boston &
Providence Railroad*, 181 Mass. 76; *Dodge* v. *County Commis-
sioners*, 3 Met. 380.

It is stated in the briefs for the petitioners that land was taken,
although it is not so alleged in the petitions.  And the petitions
can, perhaps, be so amended as to obviate the objections which
are now urged to their maintenance.  But that is a matter for the
Superior Court to consider and pass upon.

The entry will accordingly be demurrers sustained.

*So ordered.*