NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY &
another *vs.* COHASSET WATER COMPANY.

Norfolk. November 13, 1913. — January 8, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Way,* Public. *Railroad,* Easement in public way at crossing. *Damages,* For
property taken or impaired by statutory authority.

A railroad corporation, whose railroad crosses a highway at grade, by establishing
its location across the highway does not extinguish the easement of the public
in the way. That easement remains the same except so far as it is modified by
the co-ordinate easement of the railroad corporation; and the right of a water
company to lay and maintain pipes under the highway is a part of the public
easement thus unextinguished, which may be exercised lawfully by the water
company with a due regard to the co-ordinate rights of the railroad corporation
without incurring any obligation to pay damages.

PETITION, filed in the Superior Court in the county of Plymouth
on December 9, 1910, by the New York, New Haven, and Hart-
ford Railroad Company, as lessee, and the Old Colony Railroad
Company, as its lessor, against the Cohasset Water Company, a
public service corporation, for the assessment by a jury of damages
for alleged injury to the property of the petitioners in the portions
of King Street, Spring Street, and Beechwood Street in the town
of Cohasset crossed by the railroad of the petitioners at grade
by the acts of the respondent in laying water pipes therein
under authority of St. 1886, c. 128.

The respondent demurred to the petition. On August 1, 1912,
the petition was amended, and a motion was granted transferring
it to the county of Norfolk. The respondent demurred to the
petition as amended, and there was a hearing on the demurrer
before *Pierce,* J., who sustained the demurrer, and, the petition-
ers not wishing to amend their petition further, the judge
ordered judgment for the respondent. From the judgment
entered in pursuance of this order the petitioners appealed.

*J. W. Worthington,* for the petitioners.

*J. G. Palfrey,* for the respondent.

LORING, J. This appeal is without merit.

Before the railroads acquired any rights by their locations in the parcels of land here in question the public had acquired highway rights in them. The public's highway rights were not extinguished by the railroad locations. They were modified by the fact that thereafter the same parcel of land was subject to two co-ordinate easements, each of which had to be exercised with due regard for the exercise of the other. See, for example, *Boston & Albany Railroad* v. *Worcester*, 180 Mass. 71; *New York Central & Hudson River Railroad* v. *Cambridge*, 186 Mass. 249.

Highway uses include the right to lay and maintain water pipes within the limits of the way. See, for example, *New England Telephone & Telegraph Co.* v. *Boston Terminal Co.* 182 Mass. 397. And the public's highway rights include the laying and maintaining of water pipes by a water company which has authority so to do from the Legislature which speaks for the public. See, for example, *New England Telephone & Telegraph Co.* v. *Boston Terminal Co.* 182 Mass. 397, 399.

The petitioners acquired no greater rights, in case of the two crossings where they own the fee, by reason of deeds to their predecessors in title which bounded on the highways in question. It may be conceded that, being bounded on the highways, the fee to the centre of the highways passed to the grantees in those deeds. But their title to the land covered by the highways was subject to highway uses.

There is no allegation in this petition that the pipes laid by the respondent were laid without due regard for the co-ordinate railroad rights of the petitioners in the land in which the pipes were laid. Nor is there an allegation that any special damage was suffered by the railroad companies. For that reason, if for no other, the case does not come within *Hyde* v. *Fall River*, 189 Mass. 439. See also *McKeon* v. *New England Railroad*, 199 Mass. 292, 295.

What the petitioners seek to be compensated for is for the exercise of the public's highway rights made by the respondent with due regard for the petitioners' co-ordinate railroad rights, where no special damage has ensued.

In our opinion the appeal was frivolous. It follows that the judgment should be affirmed with double costs. It is

*So ordered.*