DOLIVER S. SPAULDING, trustee, *vs.* INHABITANTS OF PLAINVILLE.

Norfolk.   March 12, 1914. — June 17, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & CROSBY, JJ.

*Eminent Domain.   Damages,* For property taken or injured under statutory authority.   *Limitations, Statute of.   Plainville.   Water Rights.   Waterworks.*

Upon the water commissioners of the town of Plainville, acting under authority given to them by St. 1908, c. 404, §§ 2, 9, which was accepted by the town, purchasing land adjacent to Ten Mile River and driving wells there for the purpose of a town water supply, the owner of a mill pond which was fed by the river and by water which fed that river became entitled to maintain, under § 4 of the statute, which gives a right of recovery for "all damages to property . . . by anything done . . . under authority of this act," a petition for the assessment of damages which he suffered by reason of water being diverted from his pond by the wells, although none of his land was taken by the town and although no certificate was filed as required by § 3 of the statute, providing that, within ninety days "after the taking of any . . . water rights, water sources or easements" the town shall file and cause to be recorded a description thereof and a statement of the purpose of the taking, signed by the commissioners; because the town by its purchase of land did not acquire the rights of an owner as to waters percolating through the land, and, its acts with respect to such waters therefore being capable of justification only on the assumption that it took such waters, it cannot set up in defense to the petition the fact that the town did not make a formal taking.

A petition against a town for the assessment of damages resulting from the taking, by means of wells driven for purposes of a water supply, of water which otherwise would have percolated into a river which supplied a mill pond of the petitioner, where no final certificate of taking was filed and recorded as the statute requires, is brought within the two years' period of limitation from the time of the taking provided by the statute, if it is brought within two years from the time of the driving of permanent wells, although, more than two years before it was brought, temporary test wells had been driven by the town.

PETITION, filed on August 19, 1910, for the assessment of damages for the diversion of water from the petitioner's pond by the defendant in the construction of its system of waterworks.

In the Superior Court the case was tried before *Fox,* J.   Material facts are stated in the opinion.   At the close of the evidence the judge ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*E. J. Whitaker,* for the petitioner.

*W. D. Turner,* for the respondent.

Loring, J.   By St. 1908, c. 404, § 2, the defendant town was authorized to "take, or acquire by purchase or otherwise, . . . the waters of any pond or stream or of any ground sources of supply by means of driven, artesian or other wells within the limits of the town, and the water rights connected with any such water sources;" by § 4 it is provided that: "Said town shall pay all damages to property sustained by any person or corporation by the taking of any land, right of way, water, water source, water right or easement, or by anything done by said town under authority of this act;" and by § 9 it is provided that: "All the authority granted to the said town by this act and not otherwise specifically provided for shall be vested in said water commissioners, who shall be subject however to such instructions, rules and regulations as said town may impose by its vote." It appears by the report in this case that the act was accepted by the defendant town, and that water commissioners were duly elected.

It further appears that these water commissioners, in November, 1908, bought some six acres of land which was bounded for a distance of more than thirteen hundred feet by the centre of Ten Mile River and that this land was conveyed to the town. Thereafter, seven wells were driven on this land and water was pumped from these wells into a standpipe and the service pipes of the town, which had been constructed and laid under the act.

As we understand the report, it was admitted that the petitioner was the owner of a mill pond which was fed by the water of Ten Mile River and by waters which fed that river. On the nineteenth day of August, 1910, he brought a petition for damage caused to this mill pond by the pumping of water from the seven driven wells mentioned above, and at the trial he offered to prove "that the water in the defendant's well [wells] came by percolation from the Ten Mile River, above the dam of the petitioner and from water intercepted by said wells, which would otherwise have flowed into the said Ten Mile River and into the petitioner's mill pond above said dam; and that he had suffered material damage to his property thereby." The presiding judge, being of the opinion that the petitioner could not maintain his petition, directed a verdict for the defendant and reported the case to this court.

The defense set up in this case is: "That no certificate of the

taking of said land was ever filed in the Registry of Deeds for the county of Norfolk, and that no certificate of the taking of any water or water rights of the petitioner was ever so filed" as required by § 3.*

We are of opinion that the petitioner is entitled to maintain his petition on the principle of *Cowdrey* v. *Woburn,* 136 Mass. 409, and also on the principle of *Sheldon* v. *Boston & Albany Railroad,* 172 Mass. 180, *Penney* v. *Commonwealth,* 173 Mass. 507, and *Hyde* v. *Fall River,* 189 Mass. 439.

The doctrine of *Cowdrey* v. *Woburn, ubi supra,* is that where a person has done an act which can be justified only on the assumption that he has taken the property of another, the owner of the property can proceed against that person on the ground that the property has been taken, and that it does not lie in the mouth of that person to set up in defense that he has not done the formal act which the Legislature required him to do if he took the property.

In the case at bar the defendant town did not have the rights of an owner with respect to percolating waters within the six acres which it obtained by deed. *Cowdrey* v. *Woburn, ubi supra. Hittinger Fruit Co.* v. *Cambridge, ante,* 220.

The second principle on which the petitioner is entitled to recover in this action is that St. 1908, c. 404, under which the respondent acted is a statute which gives compensation to persons who are in fact damaged by "anything done . . . under authority of this act," whether their property is taken or not, as was decided in *Sheldon* v. *Boston & Albany Railroad, Penney* v. *Commonwealth,* and *Hyde* v. *Fall River, ubi supra.*

It is not necessary to consider with particularity the question when in the case at bar the two years began to run within which petition for damages must be brought. The wells here in question were driven after August 22, 1908, and the petition was brought

---

\* "Section 3. Said town shall, within ninety days after the taking of any lands, rights of way, water rights, water sources or easements as aforesaid, otherwise than by purchase, file and cause to be recorded in the registry of deeds for the county and district within which such land or other property is situated, a description thereof sufficiently accurate for identification, with a statement of the purpose for which the same were taken, signed by the water commissioners hereinafter provided for."

on August 19, 1910. The driving of test wells in July or the first of August, 1908, being for temporary purposes, was not a taking. *Gloucester Water Supply Co.* v. *Gloucester,* 179 Mass. 365.

In accordance with the terms of the report the entry must be

*Verdict set aside; new trial ordered.*