Adlow, J.
This is an action of .tort to recover for personal injuries suffered by the plaintiff as a result of being struck by tar frilling from the roof of a building, which roof was then being repaired by the defendant. There was no dispute as to the frict that at the time of the accident the defendant arid his agents were pouring tar on the roof of the building, which the plaintiff was entering. . The plaintiff, who is a mirior, testified that she lived in the house where the work was being done, and was on her way home from school' and entering the house when the tar struck her. The" defendant offered evidence to show that the actual operatiori of applying the tar to the roof was not commenced until the defendant had stationed an employee on the street at the edge of the sidewalk opposite the house, for the purpose of warning pedestrians away from the sidewalk in front of the house" and from the steps leading into it, while the tar was being poured on the roof. The defendant further testified that children were playing on the front steps of the house iri which the plaintiff lived, and that his employee had requested them to move away, and that they had done so; that his employee, after looking up and down the street, had given the signal to commence the work of pouring the tar ; that while the tar was being poured the plaintiff rail from across the street, where she had been playing with some children, and as she entered the house was struck by falling tar.
*254 "Whether the child was playing in the street and had been warned of the danger as the defendant contends, or whether the plaintiff was coming from school and knew nothing of the danger as the plaintiff testified, are pure issues of fact. From the findings of fact noted by the trial justice, it appears that he believed the plaintiff. In view of these findings the requests for rulings of law based on the defendant’s version of the facts become immaterial.
The defendant asked the court to rule as a matter of law that there is not sufficient evidence to support a finding of negligence on the part of the defendant. There was no error in the refusal of the court to rule as requested. While there is no evidence as to how the actual pouring of the tar on the roof was performed by the defendant, the fact that tar fell from the roof while being poured would in and of itself be sufficient to establish a prima facie case. The principle has been laid down by the following words of Justice Pollock:
“So in the building or repairing a house, or putting pots on" the chimneys, if a person passing along the road is injured by something falling upon him, I "think the accident alone would be prima facie evidence of negligence. ’ ’ Byrne v. Boadle, 2 Hurl. & C. 722. Aside and apart from the question of whether tar was poured carefully or negligently, and there was no evidence offered to rebut the presumption, we are of the opinion that if the workmen on the roof had exercised a high degree of care and had not 'been negligent, there was still a further duty on the defendant which had to be performed carefully. ' The undertaking of the defendant involved work which even if properly performed created a peril against which the defendant was required to safeguard the public. The situation here is not unlike that in Jaeger v. Adams, 123 Mass. 26, and Ainsworth v. Lakin, 180 Mass. 397, 399.
*255 The following language from Bower v. Peate, 1876, 1 Q. B. D. 321, at 326, accurately defines the duty:
“. . . a man who orders work to be executed, from which in the natural course of things, injurious consequences to his neighbor must be expected to arise, unless means are adopted by which such consequences may be prevented, is bound to see to the doing of that which is necessary to prevent the mischief . . .
In other words, where even the careful and non-negligent performance of work may be attended with dangerous consequences, the duty of care extends to protecting others from such consequences, either by warning the public or erecting barriers or screens to prevent these dangerous forces from passing beyond the immediate locus of the operation. The proper performance of the work embraces everything involved in performing the work and safeguarding the public. Negligence in either respect is attended with liability. Numerous cases in this Commonwealth have defined the duty. Woodman v. Metropolitan Railway, 149 Mass. 335. Curtis v. Kiley, 153 Mass. 123. Pye v. Faxon, 156 Mass. 471. Cabot v. Kingman, 166 Mass. 403. Robbins v. Atkins, 168 Mass. 45. Thompson v. Lowell &c. Ry., 170 Mass. 577. Rockport v. Rockport Granite Co., 177 Mass. 254. Boucher v. N. Y., N. H. & H. R. R., 196 Mass. 355.
The defendant offered evidence to show that he had provided such safeguards and had warned the plaintiff. The court was under no duty to believe him and apparently it did not. It has expressly found that the plaintiff was not warned of the danger. It was in this failure to warn the plaintiff that the defendant was negligent. The situation here is clearly within the bounds set by Jaeger v. Adams, 123 Mass. 26, supra.
Report dismissed.